## Fereira *against* Sayres.

On the hiring of an agent for a year, the principal is liable to him for the wages
of the year, if he dismiss the agent before its termination.

The death of one partner does not discharge the firm from subsisting contracts
with an agent of the firm for a period of time not then expired; and if he be dis-
missed without cause before the death of the partner, the survivors are liable for
his wages during the period contracted for.

*Quære*, whether the old firm would be liable for services rendered in pursuance
of the contract to a new firm which succeeded it.

A partnership, though dissolved, may be considered as subsisting for many
purposes.

**ERROR** to the District Court of the city and county of *Phila-
delphia*.

This suit was brought by Edward S. Sayres against Louis
Gomez Fereira, Gideon T. Snow and Henry T. Mansfield, who
survived John T. Mansfield, late trading under the firm of L. G.
Fereira & Mansfield. It was an action of assumpsit for work,
labour and services as an agent in the defendants' employ till the
21st of August 1839, and the following correspondence was given
in evidence:

*Pernambuco, 10th March 1833.*

My dear sir,—I shall be much disappointed if you should be in
the U. S. on the arrival of the vessel by which I forward this
note, as I have been for some time past earnestly desirous of your
arrival here, having a business to propose which I hope may be
agreeable to you, to wit, the agency of my house (L. G. F. & M.)
in the United States, as well as that of S. & M. of Bahia, who are
equally desirous of profiting by your good services. I will not
enter further on the subject at present, as I hope to see you here
before many days. Should I be disappointed in this expectation,
please inform if such an arrangement would be agreeable to you.

We have been unable to dispose of the potatoes at any price;
we have twice offered them at auction without any bidders ap-
pearing.

[Fereira v. Sayres.]

I forward a statement of the market to your friends, Messrs Hollingsworth, by this conveyance.

I remain, my dear sir, regardfully yours,

JOHN T. MANSFIELD.

(Addressed)        Edward S. Sayres, Esq.

Per sch. Alonzo.        Philadelphia.

*Pernambuco, 1st July* 1833.

Edward S. Sayres, Esq.

My dear sir,—Your friend, Mr Hollingsworth, arrived on the 9th inst, and I feel much obliged for the introduction of a gentleman of such estimable character, and with whose acquaintance I was highly gratified. A few days after his arrival, he handed me your esteemed favour of the 15th of April, which gave me sincere pleasure. Our friend Snow sailed for the United States about a month since, and no doubt will have understood with you on the subject of the agency before this can come to hand. He was prepared to offer such terms as I feel assured, my dear sir, you will consider highly liberal. It was our object to make them such, and is your object to make the arrangement a permanent one; but in the uncertainty of your accepting it, we considered it advisable to limit the time to one year, to obtain a knowledge of the character of the person employed, in the event of his being a stranger. I intended to have written you more at leisure, but have been much interrupted with business, my partner having left this for Bahia, as you will learn. Mr Snow will advise you of the state of the markets, &c., and I shall have the pleasure of writing you more at large by a vessel to sail in a few days.

With great regard and esteem, your sincere friend,

JOHN T. MANSFELD.

Your potatoes, I am sorry to say, still remain on hand, although repeatedly offered at auction. I shall continue to use every exertion to dispose of them to the best advantage.

(Addressed)        Edward S. Sayres, Esq.

Philadelphia.

*Boston, February* 21, 1839.

E. S. Sayres, Esq., Philadelphia.

My dear sir,—My partners and myself have resolved on reducing the unnecessary expenses of our establishment at Pernambuco; and as we consider the agency you hold principally on the footing it stands at present, I beg to state to you, and wish that to cease on the last of the present month; and you'll send me your account that I may pay it, receiving from you any document you may have belonging to my firm. I beg to assure you that the same friendly feelings that have existed between us for many years do now exist, and that if I can be of any service to you, you may freely command me; and beg you'll continue to believe me, my dear sir, yours truly,        L. G. FEREIRA.

[Fereira v. Sayres.]

*Boston, March 4th* 1839.

Sir,—On Saturday I received your letter of the 27th February, with your account, in which you debit my house for services to the 31st of August next, you stating there was an understanding between you and Mr Snow that the agreement entered into between you and him was only to be discontinued at the expiration of any given year. Mr Snow never made known to me or to the house such an understanding; and, therefore, it being the custom everywhere that an agent, clerk, or any one who is paid a salary, at so much per annum, to be paid only to the time his services cease to be required, and not to the end of the year, unless there is an agreement to the contrary, which does not appear to exist in this case; being more extraordinary, besides, that since my arrival in this country, having received several letters from my partners in Pernambuco on the subject of putting an end to the agency as an unnecessary expense, nothing of such an understanding was ever mentioned to me; I, therefore, in justice to myself and partners, will only pay you to the 28th February last, according to which the balance due you will be $212.49. However, I will write to Mr Snow on the subject, and if he says that the case is as you state, I will without hesitation pay you the extra six months you demand, as not for that or a much larger amouut I would disavow even an understanding of a partner of mine on business that concerns me. It is true you did not accept the agency of a house in Bahia, in consequence of what Mr Mansfield told you, which he informs me amounted to this, that if you accepted that agency you should of course lose ours; and you, as was very natural, preferred keeping ours, which gave you $1500 per annum, to accepting one which was only to be $500 per annum. The query which forms the last part of your letter, after what I stated to you in my first letter, deserves no further answer from me.

I am, &c.　　　　　　　　　　　　　L. G. Fereira.

The plaintiff then gave in evidence a printed circular signed Gideon T. Snow, dated August 1, 1833, viz.:

*Philadelphia, 1st August* 1833.

I beg leave to inform you that I have made an arrangement with Mr. Edward S. Sayres, of this city, to assume the agency of the two establishments of L. G. Fereira & Mansfield of Pernambuco, and Snow & Mansfield of Bahia. Mr. S. has spent much time in Brazil, having been for several years engaged in that trade; and as he will be constantly in possession of the latest advices from there, he will be enabled at all times to communicate much valuable information.

His residence will be in this place. Recommending him to your acquaintance and correspondence, I shall feel highly gratified, should it lead to a mutually beneficial intercourse.

I remain, very respectfully, your obedient servant,

Gideon T. Snow.

John Devereux, a witness for the plaintiff, testified as follows: "John T. Mansfield, one of the firm of Fereira & Mansfield of Pernambuco, died in Boston on March 26th 1839. Mr Sayres (the plaintiff) was an agent of the firm here to drum up consignments and attend to the collecting : he did not make sales." Cross-examined : "I was not in Boston at the time of Mr Mansfield's death. I know the fact from having seen the announcement in all the Boston newspapers, and from having received an official circular from the 'house in Pernambuco, announcing it to me. The firm went on in the same name. I have had conversations with Mr Sayres very shortly after its happening, in which we have spoken of Mr Mansfield's death. I can't say how long after, perhaps a couple of weeks, perhaps a few days. I don't recollect Mr Sayres speaking of it on this day, or that day. I used to see Mr Sayres almost daily. I don't know that Mr Sayres received any official notice of Mr Mansfield's death. I know of Mansfield's death also from my being now in correspondence with the house."

The Judge charged the jury :—Two questions have been discussed as arising upon the facts of this cause, 1 : Whether the defendants, notwithstanding the letter of Mr Fereira, dated February 21, 1839, informing the plaintiff of this determination of the defendants that his services should cease on the last of that month, were not liable (unless the plaintiff acquiesced in their wishes) to pay the plaintiff to the end of the year on which he had entered prior to the receipt of this letter : and I instruct you, on that point, in the affirmative. And, 2. Whether the death of Mr Mansfield, one of the defendants, which took place, it is said, on the 26th of March 1839, would not, taken in connection with this letter, absolve the defendants from all liability for services of the plaintiff after that event?—and I answer, that the death of Mr Mansfield would not produce such an effect.

The defendants excepted to the charge, and assigned the following errors :

1. The Judge erred in taking from the jury the question of fact whether the plaintiff had proved a hiring by the year.

2. In charging the jury that the defendants could not put an end to the agency of the plaintiff, except upon the 1st of August of any year.

3. In charging the jury that the death of one of the defendants (partners) would not put an end to the agency of the plaintiff.

4. In charging the jury that the death of one of the defendants, taken in connection with the letter of Mr Fereira, of February 21, 1839, would not put an end to the agency of the plaintiff.

5. In taking the whole case from the jury.

*E. Ingersoll* and *C. Ingersoll*, for the plaintiffs in error, contended that the court erred in taking from the jury the question of agency : these questions of agency or not are always left to

the jury.   And when the subject is in writing consisting of letters on commercial matters and depends on the intentions of the parties and the reasonableness of the alleged contract, the question is for the jury.   5 *Binn.* 132; 1 *Meas. & Wellsby* 506; 5 *Bing.* 132; (12 *E. C. L.* 389).   Without a special agreement the court could not construe it into a hiring for a year.

They further contended that the death of Mansfield dissolved the partnership and terminated the agency, and from that time terminated the plaintiff's claim.   *Gow Part.* 269; 1 *Rawle* 216. If it did not, the administrator was the person to sue.   1 *Story's Ag.* 507.

*Meredith*, contra.

The defendant only intended to raise the question of law stated in his letter, whether on a hiring for a year, the principal may discharge the agent at any time.   It was not questioned below, that it was a hiring for a year.   It was evidently a permanent arrangement, and an annual one, as appears by the letter of the 1st July.   The Judge did not take the case from the jury, but only gave his opinion on the points discussed.

Notwithstanding death, the partnership might, by agreement, continue.   If it was dissolved, the surviving partners only could be sued at law, and if the firm went on with the business, as is here proved, they are bound: in the same manner if they were in the occupation of a house, the landlord could not terminate the lease.   The obligation continued to be that of the survivors, and they are liable upon it.   No authority is cited that supports the defendant's position: but it has been determined that if the master of an apprentice dies, the executors continue bound.   Separate actions could not be maintained for the portions due before and after the decease.   If they were brought, the court would consolidate them.

The opinion of the Court was delivered by

ROGERS, J.—Whether there was a hiring for a year, was a fact for the jury, and if the decision of that question was taken from them, it was erroneous.   But the presumption is that the court have not violated so plain a rule of law; therefore he who alleges it is bound to prove it by the record itself.   And this has been attempted, but, as we think, without success; for judging from the record and disregarding altogether the conflicting recollections of counsel, the case would appear to have been ruled on the conceded facts that there was a hiring for a stipulated time and price. And this is rendered more probable, because such is the clear result of the evidence as contained in the written testimony.   The point in dispute would seem to have been, not whether there was a contract for a certain price, but admitting that to be so, whether the contracting partner had entered into an express agreement

[Fereira v. Sayres.]

that the agency was only to be discontinued at the expiration of a given year.    Mr Fereira was of opinion (and that was the point of difference) that in the absence of such an agreement the salary was to be paid only to the time the services of the agent ceased to be required.    Now admitting the contract to be as stated, that is, an express contract, there was no error in answering the first point in the affirmative.

But, did the death of Mr Mansfield absolve the defendants from all liability? or in other words, does the death of one of two or more copartners discharge a firm *ipso facto* from the obligation of an express contract?    The affirmative of this proposition it would be difficult to maintain.    If there was an agreement as to property, (renting a house for example), the death of one, although it dissolves the partnership, does not release the firm from payment for the unexpired term.    This will not be pretended; and yet there is nothing arising from the nature of the defendant's employment (which is described as an agency to drum up consignments and to attend to collections for the firm) that takes it out of the general principle.    It is enough that there was an express and positive agreement, which cannot be annulled except with the assent of both.    The suit is brought against the surviving members of the firm, and this is right.    There is no technical difficulty in the way, as, before the death of Mansfield, Mr Fereira undertook, without cause, to discharge the defendant from the service of the firm.    Whether the old firm would be liable for services rendered in pursuance of the contract to the new firm, in this suit, it is unnecessary to decide.    In some respects it would be convenient, as it would avoid the necessity of two suits; and perhaps would be just, as it would be in accordance with the contract as originally made.    Although a firm may be dissolved, yet it may be considered as a subsisting partnership for many purposes.

Judgment affirmed.