RHODES G. TUCKER, APPELLANT, *v.* THE PHILADEL-PHIA AND READING COAL AND IRON COMPANY, RESPONDENT.

*Master and servant — employment of a servant at a fixed yearly salary — presumption arising from the servant's continuance in the employment after the end of the year.*

An employment at a salary of $4,500 a year imports a hiring only from month to month, and not for a year.

Where the original hiring was by parol for the fixed term of one year, if the employee continues in the employment thereafter without entering into any new arrangement, either party is at liberty to terminate the contract at pleasure, and payment for the time of service is all that can be demanded.

APPEAL by the plaintiff from a judgment rendered at the Kings County Circuit, after a trial before the court and a jury, at which it was ordered that the complaint be dismissed, with costs, which judgment was entered in the office of the clerk of the county of Kings on the 29th day of January, 1889.

The plaintiff, as the assignee of one James B. McCamant, sued to recover damages for a breach of a contract for the employment of McCamant as a sales agent by the receivers of the defendant, which obligation on the part of the receivers the defendant had assumed.

The complaint alleged, among other things, that on or about October 1, 1880, " it was mutually agreed by and between said receivers and said James B. McCamant, that said McCamant should serve said receivers as sales agent in and about the conduct of the business and affairs of said defendant, so continued and conducted by said receivers as aforesaid, for a salary of $4,500 per annum, payable in equal monthly payments, and that said receivers should pay said McCamant for his said services his said salary in the time and in the manner aforesaid; that thereupon said James B. McCamant entered upon his employment as such sales agent, and duly performed the duties thereof until January 1, 1888.

*F. C. Cantine*, for the appellant.

*William J. Kelly*, for the respondent.

BARNARD, P. J.:

The proof did not sustain the complain or establish a cause of action. The receivers of the defendant employed the plaintiff on the 15th of September, 1881, at the rate of $4,500 per annum, payable monthly. The salary was to be $4,500 per year, " that was all that was said." The plaintiff had been in the employ of the receiver before this and had resigned. After the receiver accepted the resignation he was re-employed at a higher salary. Nothing further was ever said about a term. New receivers were appointed in May, 1884, and they reduced the plaintiff's wages twelve and one-half per cent. The property, in December, 1887, was restored to the company. The plaintiff continued with the said receivers until they surrendered the property about the 1st of January, 1888. The plaintiff was discharged and paid up to the 1st day of January, 1888. The contract with the receiver originally did not import a hiring for a year as a term, but only one from month to month, at a yearly rate of $4,500. The plaintiff worked out the term and the contract did not renew itself at the end of the term. After that, assuming the original hiring to have been for the fixed term of one year, and it could not be made longer by parol, the agreement became an executed one. If the plaintiff continued on without a new arrangement, either party could terminate the contract at pleasure,

and payment for the time of service is all that could be demanded. (*Morrison* v. *The Ogdensburg R. R.*, 52 Barb., 173.)

Judgment should, therefore, be affirmed, with costs.