(4 Misc. Rep. 99.)

GREENBURG v. EARLY et al.

(Common Pleas of New York City and County, General Term. June 5, 1893.)

1. CONTRACT OF EMPLOYMENT BY FIRM—EFFECT OF DISSOLUTION.
    A contract of employment for a year by a firm terminates on the dissolution of the firm, during the year, by the death of a partner.

2. CONTRACT OF EMPLOYMENT—TERMINATION.
    A contract of employment for an indefinite period may be terminated by either party at any time.

Appeal from trial term.

Action by Joseph Greenburg against Mary A. Early, individually and as executrix of John Early, deceased, and others. From a judgment dismissing his complaint, plaintiff appeals. Affirmed.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

Walter M. Rosebault, for appellant.

John Delehanty, for respondents.

BOOKSTAVER, J. This action was brought to recover $874 for breach of a contract of employment. The defense was substantially a general denial. The plaintiff was a salesman in the employment of John Early & Co., a firm composed of John Early and Patrick Kavanagh, under a yearly contract expiring January 1st of each year. On the 23d of March, 1891, Mr. Early died, leaving a will, which was probated, under which the defendants qualified as executors. When Mr. Early died, the plaintiff was traveling for the business, and was allowed to continue on his trip for three weeks longer, and when he came back, the defendants, or one of them, said to him, "You boys can consider yourselves discharged," in reply to which the plaintiff said: "I told him that I did not consider myself discharged; that I held the estate of John Early responsible for the year 1891, according to my agreement." It is claimed on behalf of the respondent Mrs. Early that the death of John Early put an end to the contract between the plaintiff and the firm of Early & Co., and that the new employment of the plaintiff by Mrs. Early not having been, according to the testimony adduced by the plaintiff on the trial, for a fixed period, either party was entitled at any time to terminate it, and, Mrs. Early having done so in the month of June, 1891, and paid the plaintiff in full up to that time, the contract was terminated; and this contention, we think, is well sustained. Campbell v. Jimenes, (Com. Pl. N. Y.) 23 N. Y. Supp. 333, (handed down herewith;) Wood, Mast. & Serv. (2d Ed.) § 133. Where there is no provision in a copartnership for its continuance after the death of any of the partners, the copartnership is thereby dissolved. There did not seem to have been any such provision in the copartnership under consideration, and as a matter of fact it was dissolved, and the other member of the firm went out, and the business was turned over to Mrs. Early to wind up. In Wood, Mast. & Serv. (2d Ed.) § 165, it is said:

"Where a servant is employed by a firm, a dissolution of the firm dissolves the contract, so that the servant is absolved therefrom; but if the dissolution results from the acts of the parties they are liable to the servant therefor. But if the dissolution results from the death of a member of the firm,—a dissolution resulting by operation of law, not from the act of the parties,—no action for damages will lie. * * * The test is whether the firm is dissolved. So long as it exists, the contract is enforced, but when it is dissolved the contract is dissolved with it, and the question as to whether damages can be recovered therefor will depend upon the question whether the dissolution resulted from the act of God, the operation of law, or the act of the parties."

And in this case it is clear that it resulted from the act of God and operation of law, and consequently there can be no recovery. Lacy v. Getman, 119 N. Y. 109, 23 N. E. Rep. 452; Griggs v. Swift, 82 Ga. 392, 9 S. E. Rep. 1062. In Add. Cont. (Abb. Ed. 1883,) p. 653, (bottom paging,) it is said:

"A contract of hiring and service is dissolved by the death of the master or servant. If the contract is made with a firm in partnership to serve the firm for a certain term, the contract is dissolved by the death of one of the parties." Citing Farrow v. Wilson, L. R. 4 C. P. 744; Tasker v. Shepherd, 6 Hurl. & N. 575, 30 Law J. Exch. 207.

As far as we have found, there is no case in this state in conflict with these decisions. They are founded on the principle alluded to by Judge Bischoff in Fisher v. Monroe, (Com. Pl. N. Y.) 12 N. Y. Supp. 273, where he says:

"To render the contract operative and binding upon the parties at its inception, the obligation of the contracting parties must be mutually dependent; that is to say, the obligation of the party who is to receive the services to pay is conditioned upon the obligation of the party who is to render the services to perform, and vice versa."

If the employe dies, the employer has no remedy against his estate. His death puts an end to the contract. It is but just that the same results shall follow from the death of the employer. The principle is still more obvious in the case of a copartnership which is dissolved by operation of law, when one of the partners dies. Another reason that the authorities assign for putting an end to the contract is that the services which the plaintiff was employed to perform were skilled services, where the employe is not a mere laborer. And the plaintiff, as a salesman, was expected to perform skilled services, and in such a case the death of either party terminates the contract. Spalding v. Rosa, 71 N. Y. 40; People v. Insurance Co., 91 N. Y. 179; Martin v. Hunt, 1 Allen, 418. We have carefully looked over the evidence in this case, and do not find that there is any proof to sustain the plaintiff's contention that the contract of employment previously existing with the firm of John Early & Co. was assumed by the executrix, or that there was a new contract of hiring for the remainder of the year; the contract with the executrix, as before stated, being without any fixed time.

The judgment should therefore be affirmed, with costs.

BISCHOFF, J., concurs.

PRYOR, J., (concurring.) On the 1st of January, 1891, the firm of John Early & Co. hired the plaintiff as a traveling salesman for the period of one year. On the 23d of March next ensuing the copartnership was dissolved by the death of Early, and the defendant, as executrix of his will, took possession and control of the firm assets and business; but whether for the purpose of winding up or continuing the business is disputed upon the evidence, and is unimportant in the disposition of the appeal. That a contract

of service of the kind before the court is canceled by the death of the employer is not now an open question in this state. Lacy v. Getman, 119 N. Y. 109, 23 N. E. Rep. 452. The proposition that such a contract is terminated by the dissolution of a copartnership employer seems not to have been adjudged in this state, and may not be affirmed on the authority of uniform decision. In this country it is supported by one express adjudication, (Griggs v. Swift, 82 Ga. 392, 9 S. E. Rep. 1062,) and disputed by another, (Fereira v. Sayres, 5 Watts & S. 210.) The text writers appear to accept it implicitly. Wood, Mast. & Serv. § 163; 2 Add. Cont. (Morgan's Ed.) § 901; Lawson, Rights, Rem. & Pr. § 283. The preponderance, therefore, of authority is in favor of the proposition. How stands it on principle? If the plaintiff be regarded as an agent of the firm, on its dissolution the relation undoubtedly ceased, because an agent is merely the representative of his principal, and if there be no principal there can be no agent. "There is a manifest absurdity in doing an act in the name of a person no longer in being." Bank v. Vanderhorst, 32 N. Y. 553, 555. The death of a partner operates an immediate dissolution of the copartnership, (Pars. Partn. 397,) and therefore the authority of a previously appointed clerk absolutely ends, (McNaughton v. Moore, 1 Hayw. [N. C.] 189.) The rule, of course, is inapplicable to an agency coupled with an interest; but the right of the plaintiff to a commission proportioned to sales does not constitute a power coupled with an interest within the exception to the general principle. Houghtaling v. Marvin, 7 Barb. 412. Supposing the plaintiff to be a servant, rather than an agent, still the conclusion is inevitable that the dissolution of the partnership by death terminated his employment. The decision in Lacy v. Getman, 119 N. Y. 109, 115, 116, 23 N. E. Rep. 452, proceeded upon the ground of a personal trust and confidence between the employer and the employe, and held that such trust and confidence on the part of the employe cannot be transferred by operation of law to a substituted employer. The reason of the rule is equally prevalent between a copartnership employer and its servant. In the case at bar, for instance, the plaintiff had engaged to serve John Early and Patrick Kavanagh, not Patrick Kavanagh alone; still less Patrick Kavanagh and Mary A. Early, executrix of John Early. He might be willing to trust and obey John Early and Patrick Kavanagh, but not at all willing to trust and obey Kavanagh alone, or Kavanagh and Mary A. Early, just as the employe of a single person might be willing to engage service with him, but not with his executor. Employed by the partnership, and not by its individual members; engaged to serve the partnership and not its individual members,—plaintiff's relation to the partnership was dissolved necessarily by its dissolution. As well, therefore, upon principle as authority, we conclude that the contract of the plaintiff with the firm of John Early & Co. terminated on the dissolution of the copartnership by the death of Early. The defendant is sued, however, as well in her personal as her representative capacity, and plaintiff's alternative claim is upon a contract with her. Con-

ceding his employment by the defendant, it was terminable at will, because for no definite period,—Campbell v. Jimenes, (Com. Pl. N. Y.) 23 N. Y. Supp. 333, (decided at the present term,)—and he was duly discharged upon payment for his services.

Judgment affirmed, with costs.