DANIEL E. MASON, Appellant, *v.* BENJAMIN M. SECOR and JOSIAH
D. CHAPIN, as Survivors of the Co-partnership Composed of
Themselves and CHARLES G. CRAFT, Deceased, Respondents.

*Employment by the year — formation of a partnership by the employer — no presumption of continuance of such employment — dissolution of a firm by death terminates a contract of employment.*

When an individual, by whom a salesman has been employed for several years at
an annual salary, forms, at the commencement of a new year, a partnership
with others to continue his business, and the salesman continues to work for
the partnership, as he had before for the individual member of the firm, there·
is no presumption, or contract raised by implication, that he continued in the
employment of the partnership on the same terms as when in the employment
of his original individual employer.

Hence, in the absence of an express contract of employment for a year by the
partnership, the latter may terminate the employment before the expiration of
a year from its commencement.

*Semble*, that a contract of employment for a year by a firm is terminated by the
dissolution of the firm by the death of one of the partners before the expiration
of the year, and that the survivors may thereupon lawfully discharge the
employee.

APPEAL by the plaintiff, Daniel E. Mason, from a judgment of
the Supreme Court in favor of the defendants, entered in the office
of the clerk of Albany county on the 3d day of February, 1893,
upon a nonsuit ordered at the close of the plaintiff's case on the trial
at the Albany Circuit.

*Andrew Vanderzee*, for the appellant.

*Isaac Lawson*, for the respondents.

PUTNAM, J.:

Plaintiff was employed as a salesman by one Charles G. Craft for
several years prior and up to January 1, 1890, at a yearly salary of
$1,000. At that time Craft formed a partnership with defendants
for two years to carry on the same business previously carried on
by him. Plaintiff continued to work for the firm as he had before
worked for Craft until discharged as below mentioned. Said Craft
died on March thirteenth, and defendants discharged plaintiff on
March 17, 1890, he claiming an employment for a year commencing

January 1, 1890, at a salary of $1,000. Plaintiff brought this action to recover damages on account of his discharge.

At the close of the evidence the defendants moved for a nonsuit, which was granted, and plaintiff excepted.

There was no evidence produced showing that the firm of Charles G. Craft & Co., formed on January 1, 1890, ever made any express contract with plaintiff to employ him for any length of time, or at any agreed salary or otherwise. It seems that having been at work for Craft prior and up to January 1, 1890, as a salesman, he continued in the same employment with the new firm without entering into any express contract with it.

Under such circumstances ordinarily an employer can discharge the servant when he elects, and is only liable to pay him the value of his services for the period of his employment. But the plaintiff contends that, having been employed by Charles G. Craft for several years at an annual salary of $1,000, and defendants having on January 1, 1890, formed a co-partnership with Craft and continued the same business, and he (plaintiff) having continued after the formation of the partnership in their employ, the presumption is that he continued in the service of the defendants on the same terms as when in the employment of Craft alone. (*Douglass* v. *Merchants' Ins. Co.*, 118 N. Y. 486; *Vail* v. *The Jersey Little Falls Mfg. Co.*, 32 Barb. 564.)

The learned counsel for the appellant fails to cite any authority to sustain his contention as applicable to such a case as this. It is conceded that had Craft continued in business alone after January 1, 1890, and plaintiff had remained in his employ after his last year's service, a contract to employ him another year on the same terms might have been implied. If there was such an implied contract to employ him in this case it arose after January 1, 1890; that is, after the formation of the co-partnership, and was implied because plaintiff had been employed by Craft for some years prior to January 1, 1890, and after the formation of the firm and continued in their employ. In fact it is a well-settled principle that where parties have entered into a contract for services for a certain period, which has elapsed, and their connection still continues, they are deemed to have renewed the contract by *tacit relocation* without any new agreement being entered into. (14 Am. & Eng. Ency. of Law, 770, 771.)

But we are of the opinion that this principle does not apply to such a case as this. The connection between Charles G. Craft and plaintiff was not continued. The firm of Charles G. Craft & Co., composed of said Craft, Benjamin M. Secor and Josiah D. Chapin, is an entirely different party from the one who employed plaintiff prior to and up to January 1, 1890. At that time Craft ceased to do business and a co-partnership took his place, and there *could be* no renewal of the contract then existing between Craft and plaintiff unless by an express contract.

Certainly the plaintiff failed to show any renewal of the contract existing between Craft and himself, because it was not made to appear when the personal agreement between Craft and the plaintiff terminated or in fact that it was ended prior to the discharge of plaintiff by the defendant. Also, it does not appear that one of the defendants, Secor, ever knew the terms of the contract between plaintiff and Craft.

The plaintiff, therefore, failed to show any contract with defendants to employ him for any definite length of time, and the trial judge properly granted a nonsuit. (See *Morrison* v. *O. & L. C. R. R. Co.*, 52 Barb. 173–182.) There was no question of fact for the jury. There was no evidence given from which the jury could have properly found an agreement on the part of defendants to employ plaintiff for a year.

We also think that the position taken by defendants, that if there were a contract of employment for a year between the defendants and plaintiff, as claimed by the latter, the firm having been dissolved by the death of Charles G. Craft, such contract was thereby terminated and defendants could, therefore, lawfully discharge the plaintiff. (*Greenburg* v. *Early*, 4 Misc. Rep. 99; *Lacy* v. *Getman*, 119 N. Y. 109.)

The court properly refused to allow plaintiff to amend his complaint on the trial. But as no exception was taken to such refusal this point does not require any discussion.

The judgment should be affirmed, with costs.

MAYHAM, P. J., and HERRICK, J., concurred in the result.

Judgment affirmed, with costs.