BURKE v. LINCOLN–VALENTINE CO.

(Supreme Court, Appellate Term. June 28, 1899.)

CORPORATIONS—CONTRACTS.
 A corporation is not bound by a contract of employment made by the incorporators before its formation, and which it never adopted; and, where the employé continues to work for the corporation without other arrangement, it is under an implied promise to pay for his services, and without agreement as to time.

Appeal from municipal court, borough of Manhattan, Eleventh district.

Action by Oswald N. Burke against the Lincoln-Valentine Company. Judgment for plaintiff, and defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVEN-TRITT, JJ.

William H. Blain, for appellant.
Sumner B. Stiles, for respondent.

MacLEAN, J. Something of a blight is cast upon the plaintiff's case by his falsehood in the verified complaint, wherein he alleged (upon information and belief, it is true) that the defendant was a corporation when he made the arrangement, evidenced in writing, upon which he based his action, although he must have known the contrary; for he testified on the trial that he was one of the incorporators, and that the incorporation came months after he obtained his contract from a, so to say, intending promoter, who never had any actual connection with the defendant company. The plaintiff's case rests upon the plaintiff's testimony, which, taken as true, only shows that he was employed by certain persons engaged in an enterprise which was afterwards incorporated, and that after the incorporation he continued at work, receiving at the first the same salary as before, and then less. There was no evidence of the adoption by the defendant corporation of the contract. The plaintiff himself said there was nothing said by the officers about his contract. "There

was nothing said at all about my contract. That was too well understood." The evidence was insufficient to sustain the judgment in favor of the plaintiff, who was merely continued as employé in the business after the incorporation, under an implied promise to pay, without any agreement as to the time. Morrison v. Railroad Co., 52 Barb. 173; Tucker v. Iron Co., 53 Hun, 139, 6 N. Y. Supp. 134; Mason v. Secor, 76 Hun, 178, 27 N. Y. Supp. 570. In my opinion, the judgment should be reversed, and the complaint, verification, and testimony of the plaintiff submitted to the grand jury of the county. All concur.