### SHUMATE v. SOHON et al. .

(Court of Appeals of District of Columbia. Submitted February 3, 1926. Decided May 3, 1926.)

No. 4306.

1. **Master and servant** ⊚⇒23—**Surviving partner's sale of business held not breach of manager's unexpired employment contract.**

Surviving partner's sale of entire business, without provision for continued employment of general manager, *held* not a breach of such manager's unexpired employment contract, entitling him to damages; continued existence of partnership being an implied condition of contract of employment.

2. **Master and servant** ⊚⇒23.

Death of partner dissolves partnership, and terminates contract of employé of partnership.

Appeal from Supreme Court of District of Columbia.

Action by Bailey Shumate against Henry W. Sohon and R. Ross Perry, executors of the last will and testament of Bernard M. Bridget, deceased. Judgment for defendants, and plaintiff appeals. Affirmed.

G. P. Hoover, of Washington, D .C., for appellant.

F. J. Hogan and E. L. Jones, both of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice. The appellant, Bailey Shumate, as plaintiff below, sued Bernard M. Bridget and the executors of Samuel Rosenthal, deceased, for damages because of an alleged breach of a contract of employment theretofore existing between the plaintiff and the partnership firm of Bridget & Rosenthal. In the amended declaration the plaintiff claimed damages against Bridget alone, because of the breach of the same contract. At the close of the trial the court directed a verdict for the defendant upon the first and third counts of the amended declaration, whereupon the plaintiff appealed. Since the entry of judgment below the defendant Bridget has departed this life, and his executors are appellees herein.

The evidence discloses that for a number of years Bridget and Rosenthal were copartners dealing at retail in men's and children's clothing, and that during that period Shumate was employed by them at an agreed salary as assistant manager of the business. On June 1, 1915, the partnership agreement having expired, Bridget & Rosenthal by a written instrument renewed the same for a period of eight years, from May 31, 1915, to May 31, 1923. The contract provides that, in event of the death of either partner, the partnership shall cease and the right and title to the assets shall accrue to the survivor, who may continue the business in the firm name, in which event the interest of the deceased partner shall be ascertained within 90 days after his decease, and the amount thereof be paid to his estate, and be accepted in full settlement and discharge of all interest in the firm; that during these 90 days the business may be continued by the surviving partner for the joint account of himself and the estate of the deceased partner; but, if the surviving partner shall not within said 90 days elect to take the assets and continue the business, the business shall be closed out, the firm liquidated, and the interest of each partner paid ratably from the assets.

The contract also stipulates that Bailey Shumate shall be continued in the employ of the firm in the same capacity as before, for the term of five years, his compensation to be an interest in the net profits of the firm equal to 15 per centum thereof, with the right, nevertheless, to draw from the firm the sum of $5,000 per annum in equal monthly installments, the same to be charged to the general expense account of the firm, and the excess of said percentage of net profits over and above the sum of $5,000 to be credited to his account semiannually.

Afterwards, to wit on July 2, 1915, a written contract of employment to this effect was entered into by and between Shumate and the partnership. The provisions of this contract were faithfully carried out by the respective parties, until, on December 16, 1917, the partner Rosenthal died, at which time only about one-half of the period of employment stipulated in the contract had expired. After Rosenthal's death the business was conducted as theretofore for a period of about 90 days, during which time Shumate continued to render the same services as before.

Bridget then took over the assets of the firm, and almost immediately sold out the entire business to a stranger, without making any provision for the employment of Shumate by the purchaser or otherwise. There was some talk of the organization of a new firm by Bridget and Shumate, but this came to nothing, and the latter was compelled to seek other employment. Thereupon he brought the present suit against Bridget and the executors of the deceased partner, for damages in the sum of $49,-171.44, claiming that they had breached the contract of employment of July 2, 1915. In the amended declaration, however, judgment was claimed against Bridget alone for the alleged breach.

Shumate contends that, inasmuch as Bridget exercised the option to purchase the interest of Rosenthal in the partnership, and continued the business after the exercise of such option, and thereafter sold the business to a stranger, the sale of the business and the failure to keep Shumate in the employ of the business constituted a breach by Bridget of the contract of July 2, 1915, entitling Shumate to damages as claimed by him.

[1] We cannot agree with this contention. The death of Rosenthal on December 16, 1917, caused a dissolution of the copartnership then existing between the two partners as fully as if both partners had died upon that day. This result followed from the legal principles governing such relations (Burwell v. Cawood, 2 How. 560, 11 L. Ed. 378), and from the specific provisions of the partnership agreement (Scholefield v. Eichelberger, 7 Pet. 586, 8 L. Ed. 793). The dissolution of the partnership had the legal effect of releasing both Shumate and the copartnership from the further performance of the employment which was stipulated in the contract. Moreover, in the instant case the partnership business as such was not continued beyond the period permitted by the partnership agreement, but was in ef-

fect closed out and terminated conformably with that agreement.

[2] It is a generally accepted principle of law that the death of a partner, since it dissolves the partnership, terminates the contract of an employé of the partnership; such a contract being dependent upon the life of the employé and the life of the partnership, if death in either case be not voluntary. Rowley, Partnership, § 619. If the employé dies the employer has no remedy against his estate. His death puts an end to the contract. It is but just that the same results shall follow from the death of the employer. The principle is still more obvious in the case of a copartnership, which is dissolved by operation of law when one of the partners dies. Fisher v. Monroe, 16 Daly, 461, 12 N. Y. S. 273. Employed by the partnership, and not by its individual members; engaged to serve the partnership, and not its individual members—plaintiff's relation to the partnership was dissolved necessarily by its dissolution. Greensburg v. Early, 4 Misc. Rep. 99, 23 N. Y. S. 1011. From the very nature of a contract for the rendition of personal services to a partnership in its current business, where nothing is expressed to the contrary, both parties should be regarded as having by implication intended a condition dependent, on the one hand, upon the life of the employé, and, on the other, upon the life of the partnership, provided the death in either case be not voluntary. Griggs v. Swift, 82 Ga. 392, 9 S. E. 1062, 5 L. R. A. 405, 14 Am. St. Rep. 176. See Mason v. Secor, 76 Hun, 178, 27 N. Y. S. 570; Redheffer v. Leathe, 15 Mo. App. 12; Lacy v. Getman, 119 N. Y. 109, 23 N. E. 452, 6 L. R. A. 728, 16 Am. St Rep. 806; Louis v. Elfelt, 89 Cal. 547, 26 P. 1095; Labatt's Master and Servant, vol. 1, § 217.

It is true that the authorities are not uniform upon this subject (Fereira v. Sayres, 5 Watts & S. [Pa.] 210, 40 Am. Dec. 496; Hughes v. Gross, 166 Mass. 61, 42 N. E. 1031, 32 L. R. A. 620, 55 Am. St. Rep. 375) ; but the foregoing doctrine is sustained by the greater weight of authority and by the better reasoning. It distinctly applies to the facts in this case. Accordingly we conclude that the contract of July 2, 1915, was not breached by Bridget, and that the ruling of the lower court was correct.

This view makes it unnecessary to consider the plea of the statute of limitations, which was filed in the case.

The judgment of the lower court is affirmed, with costs.