THOMAS B. ARNOLD, Respondent, v. RAILWAY STEEL SPRING CO., Appellant.

St. Louis Court of Appeals, March 22, 1910.

1. MASTER AND SERVANT: Employment: Contract by Year: Evidence. Evidence *held* to support a finding that a contract of employment was by the year.

2. ————: ————: Accord and Satisfaction: Evidence: Exclusion Harmless Error. Where, whether plaintiff was employed by the year or at the employer's will, he relinquished his contract upon an agreement by his employer to pay him a certain monthly sum for a period of time less than he claimed the contract was to run, constituting a valid accord and satisfaction, the exclusion of competent evidence tending to show the contract of employment was for an indefinite period, in an action to recover an unpaid balance due under the agreement, was not reversible error.

3. **ACCORD AND SATISFACTION: Consideration: Doubtful Claim: Master and Servant: Contract of Employment.** Where it was doubtful whether, under a contract of employment, the employer could discharge the employee before March, 1907, the tender and acceptance of a certain sum per month from the date of dismissal until January, 1907, in satisfaction of the contract, was a valid accord and satisfaction.

Appeal from St. Louis City Circuit Court.—*Hon. Robt. M. Foster,* Judge.

AFFIRMED.

*John S. Leahy* and *Block & Sullivan* for appellant.

(1) The contract of hiring as shown by respondent's testimony was at will and not for a year. Boogher v. Insurance Co., 8 Mo. App. 534; Finger v. Brewing Co., 13 Mo. App. 311; Evans v. Railroad, 24 Mo. App. 114; Martin v. Insurance Co., 148 N. Y. 119; Greer v. Arlington Mills, 1 Pen. Del. Sup. Ct. Rep. 581; Railroad v. Robinson, 3 Colo. 144; Orr v. Ward, 73 Ill. 119; Prentiss v. Ledyard, 28 Wis. 133. (2) The prior decision in this case, being erroneous, should not be followed. Chamber's Admr. v. Smith's Admr., 30 Mo. 158; Boone v. Shackleford, 66 Mo. 497; Guion v. Waggoner, 116 Mo. 151; Bird v. Sellers, 122 Mo. 32; Rutledge v. Railway Co., 123 Mo. 131; Wilson v. Beckwith, 140 Mo. 369; Beasley v. Smith, 158 Mo. 523; Williams v. Butterfield, 119 S. W. 19. (3) An accord and satisfaction must rest upon agreement. Perkins v. Headley, 49 Mo. App. 561; 16 Cyc. 312; Wilkerson v. Bruce, 37 Mo. App. 156; Land & Lumber Co. v. Lumber Co., 136 Mo. App. 181. (4) Assuming a contract at the beginning for a year's service, and after its termination the engagement was at will. Rose v. Carbonating Co., 60 Mo. App. 28; Embry v. Dry Goods Co., 115 Mo. App. 130, 127 Mo. App. 383. (5) The instruction given for respondent submitted, without explanation, a question of law to the jury. Stevens v.

Crane, 37 Mo. App. 494; Estes v. Fry, 22 Mo. App. 123; Kendall, etc., Co. v. Bain, 46 Mo. App. 590; Carroll v. Campbell, 110 Mo. 571.   (6)   The court erred in excluding from the jury the testimony of Fitzpatrick as to the terms of the original contract.   Buchanon v. Achison, 39 Mo. 503; R. S. 1899, sec. 2906; Glasgow v. Ridgley, 11 Mo. 26; Walsh v. Agnew, 12 Mo. 525; Fox v. Webster, 46 Mo. 185; Leszinsky v. Dispatch Line, 14 Mo. App. 598; Warlick v. Peterson, 58 Mo. 408; Patton v. Railroad, 87 Mo. 122; Williamson v. Brown, 195 Mo. 328.

*Carter, Collins, Jones & Barker* for respondent.

(1)   The contract of hiring between plaintiff and defendant as shown by respondent's evidence was a contract for a year, and when continued after its expiration without a new agreement, the employment continued under the terms of the original contract.   26 Cyc. 969 and 976, and cases cited; 20 Am. and Eng. Ency., p. 16, and cases cited; Hendrix v. Mill Co., 77 Mo. App. 224; Arnold v. R. Steel Spring Co., 131 Mo. App. 612; King v. Railroad, 140 N. C. 433.   (2)   Whatever has once been passed upon on appeal, will, in the same case upon a second appeal, be treated as no longer open to dispute or further controversy.   Searles v. Lum, 89 Mo. App. 239; Railroad v. Combs C. Co., 89 Mo. App. 182; Overall, Admr., v. Ellis, 38 Mo. 209; Redpath Bros. v. Lawrence Manning & Cushing, 48 Mo. App. 429; Rice v. McFarland, 41 Mo. App. 409; Rigsby v. Oil Well Sup. Co., 130 Mo. App. 128; Chapman v. Railway, 146 Mo. 481; Railroad v. Bridge Co., 215 Mo. 286.   (3)   Even if there was no contract of hiring for a year, and the question had not been adjudicated, the disputed claims of the parties were sufficient consideration to support the compromise contract sued on.   There was more than reasonable grounds for belief in the validity of the claim.   1 Cyc. 316; Dailey v. Jessup,

72 Mo. 144; Land & Lumber Co. v. Lumber Co., 136 Mo. App. 181; Bank v. Rockefeller, 174 Fed. 22. (4) The term, "yearly employment," used in an instruction does not require definition. If so, appellant used it also without interpretation, which estops it from complaining at this time. Fearey v. O'Neill, 149 Mo. 477; Wheeler v. Bowles, 163 Mo. 409; Railroad v. Shoemaker, 160 Mo. 434; Harmon v. Donohoe, 153 Mo. 274; Iron Co. v. Carpenter, 67 Md. 554; Harper v. Fidler, 105 Mo. App. 689. (5) A question asking for the substance of a conversation is improper, as it permits witness to state conclusions, and decide what is and what is not material. The objection was not against the form of the question, but against the matter called for. State v. Miller, 44 Mo. App. 165; Muff v. Railroad, 22 Mo. App. 587; Madden v. Railroad, 58 Mo. App. 673; Sparr v. Wellman, 11 Mo. 150.

GOODE, J.—The facts of this litigation will be found stated in the opinion delivered on the former appeal (131 Mo. App. 612). The proposition is reasserted on the present appeal that plaintiff's employment by defendant was at will and not by the year. We held before the evidence went to prove it was by the year and adhere to the ruling; indeed, think the argument to the contrary is without force and the authorities cited to support it are not in point. In the conversation leading up to the contract of employment, defendant's officers said to plaintiff "about six thousand dollars a year is as much as we want to pay for the first year;" further, one of the officers said to plaintiff: "You will be raised as I have been right along every year after that;" he also said: "Six thousand dollars in St. Louis is better than $7500 in New York." The gist of the argument for defendant is, the contract was at the rate of six thousand dollars a year, but the period of the employment was not stipulated. We think the evidence not only tended to prove

the contrary, but conclusively proved it. Plaintiff was expected to throw up his residence in New York and move his family to St. Louis, and this fact is to be coupled with the foregoing statements. Plaintiff was discharged without cause in August, 1906; for his year did not expire until March 16, 1907. The arrangement made between him and defendant at the date of the discharge, was the latter should pay him five hundred dollars a month from said date to the first of January, 1907. He was paid the first five hundred dollars, but the installments due from September to December, inclusive, were not paid on the ground plaintiff had taken employment from a competitor of defendant contrary to his agreement. This action is to recover the balance alleged to be due. On the supposition there was no contract for a definite period and defendant might discharge plaintiff when it would, its counsel argue there was no consideration for the promise to pay plaintiff for time subsequent to his discharge. The argument falls with its premises that the contract of employment was not by the year, for the jury found it was and we hold the evidence supports the finding. Moreover, we may say if this was not true, the right of the matter was fairly debatable and as the parties came to an accord and satisfaction, the agreement sued on had a sufficient consideration and is enforceable.

An exception was taken to the exclusion of part of the deposition given by Fitzpatrick, one of defendant's officers. The material portion of the excluded matter was a statement that Silverthorn, another officer of defendant, had told plaintiff in the conversation which resulted in the employment, the company had intended to offer plaintiff five thousand dollars a year, but to make it an inducement to him to come with the company, would pay him five hundred dollars a month, which was at the rate of six thousand dollars a year. This evidence is said to have been competent as tending to prove plaintiff's employment was not by the

year, but was for an indefinite period at five hundred dollars a month or six thousand dollars a year. Likely the testimony should have been admitted; but we hold its exclusion was not reversible error; because, as said, whether plaintiff was employed by the year or not, the condition on which he relinquished his contract was an agreement by defendant to pay him five hundred dollars a month during the five months between the date of his dismissal and the end of the year 1906; and as in any view of the case, the right to discharge plaintiff before March, 1907, was doubtful, this accord and satisfaction was valid. The result was in favor of the right party unless plaintiff violated a term of the second agreement, the one on which he declared. Whether he did or not was well submitted to the jury and determined in his favor.

The judgment is affirmed. All concur.