[No. 13036.   Department One. — June 23, 1891.]

## B. F. LOUIS, RESPONDENT, *v.* A. B. ELFELT ET AL., APPELLANTS.

PARTNERSHIP — DISSOLUTION — DEATH OF PARTNER — TERMINATION OF UNEXPIRED CONTRACT OF EMPLOYMENT. — An unexpired contract of employment between a copartnership and an employee for a fixed period, at a fixed salary, is dissolved by the death of one of the partners during, the term of hiring.

ID. — SERVICE TO SURVIVING PARTNERS. — If the employee of a copartnership, under an entire contract for a year's salary at a certain rate per month, continues to serve the surviving partners after the dissolution of the partnership by death during the year, and while the business is being wound up, the implication of law, in the absence of a new special agreement, is, that he was newly employed at a reasonable compensation for the services actually rendered in assisting to settle the affairs of the extinct copartnership.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order denying a new trial.

The facts are stated in the opinion.

*Naphtaly, Freidenrich & Ackerman,* for Appellants.

The death of Alfred P. Elfelt terminated the contract of employment. His death dissolved the partnership. (Civ. Code, sec. 2450.) Thereupon it became the duty of the defendants, as the surviving partners, to liquidate the partnership. (Code Civ. Proc., sec. 1585; Civ. Code, secs. 2458–2462.) A contract of employment is terminated by the death of the employer, unless the power of the employee is coupled with an interest in the subject-matter of the employment. (Civ. Code, sec. 1996.) Where the dissolution results from the death of a member of the firm, the employment is terminated, and no action for damages will lie. (Wood on Master and Servant, sec. 153; *Hoey* v. *MacEwan,* 5 Ses. Cas. S. 814; *Campbell* v. *Beard,* 3 Shaw, 311; Fraser on Master and Servant, 239; *Tasker* v. *Shepherd,* 6 Hurl. & N. 575; *Burnet* v. *Hope,* 9 Ontario, 10.)

*Joseph Rothchild,* for Respondent.

If a firm consists of two or more persons, and one or more of them dies, the firm is not thereby dissolved. The contract still subsists, because one or more of his partners are still in the firm; and this is ever so, even though other persons are taken into the firm. (Wood on Master and Servant, sec. 165, p. 320, sec. 152; *Hill* v. *Robeson,* 10 Miss. 541; *Dobbin* v. *Foster,* 1 Car. & K. 323; *Campbell* v. *Baird,* 3 Shaw, 311; Fraser on Master and Servant, sec. 239, 240; *Yerrington* v. *Greene,* 7 R. I. 589; 84 Am. Dec. 578.) A contract by which one agrees to serve another for one year, at a certain sum per month, is an entire contract. (*Kohn* v. *Fandel,* 29 Minn. 470; *Nelichka* v. *Esterly,* 29 Minn. 146; *Jennings* v. *Lyons,* 39 Wis. 553; 20 Am. Rep. 57.) Plaintiff was hired by the defendant for a year, at stated wages, and was wrongfully dismissed before the term was completed, and was entitled at once to recover such damages as he had sustained. (*Munroe* v. *Perkins,* 9 Pick. 298; 20 Am. Dec. 475; *Hill* v. *Green,* 4 Pick. 114; *Byrd* v. *Boyd,* 4 McCord, 246; 17 Am. Dec. 740; *Hoar* v. *Clute,* 15 Johns. 224.)

Vanclief, C. — This action was brought to recover from the defendants five hundred dollars, alleged to be due the plaintiff as salary for his services as salesman for Elfelt & Co. during the month of December, 1886.

The answer of defendants denies that plaintiff was employed by Elfelt & Co., or by the defendants, for any part of the month of December, 1886, and denies that he rendered any services to Elfelt & Co., or to defendants, during that month.

The plaintiff had judgment for the sum demanded, from which, and from an order denying their motion for a new trial, defendants appeal.

The material facts are, — 1. That on January 1, 1884, and until June 14, 1886, Elfelt & Co., a copartnership composed of A. B. Elfelt, Alfred P. Elfelt, S. Goldsmith,

George A. Kohn, and Philip Kohn, were engaged in the
wholesale clothing business in San Francisco, generally
carrying a stock of merchandise of the value of six
hundred thousand to seven hundred thousand dollars;
2. That prior to April, 1884, the plaintiff had been em-
ployed by the firm as traveling salesman, at a salary of
$350 per month and his expenses; 3. That in April, 1884,
he was employed as city salesman, at a salary of six
thousand dollars a year, he paying his own expenses, and
the increased salary to commence from January 1, 1884.
4. No other express agreement was ever made as to salary,
or as to the length of time he should be employed; but he
continued in the employment by tacit consent of all par-
ties, and was paid the same salary, until June 14, 1886,
when Alfred P. Elfelt died.    5. On the death of Alfred
P. Elfelt, the surviving partners continued the business
for the mere purpose of winding it up, and plaintiff con-
tinued in their employment, without any new *express*
agreement, until some time in October, 1886, when they
notified him that his services would not be required after
November following.    Plaintiff continued in the service
through the month of November, and on December 1st
offered and claimed the right to continue until the end
of the year; but defendants then discharged him, accord-
ing to previous notice.    After his discharge he reported
himself as ready for work from time to time, and was
ready and willing to continue his services throughout
the month of December; but he was told there was
nothing for him to do, and his services were not ac-
cepted during any part of that month.    6. On Decem-
ber 1, 1886, the stock of the concern was so much
reduced that they could not supply their customers with
the assortments ordinarily required, and most of the
remnants of stock were sold at auction during that
month and January following; and the business was
entirely closed out in January, 1887.

As conclusions of law the court found,—"1. That said

contract of employment between plaintiff and the copartnership of A. B. Elfelt & Co. was an entire one by the year, and not otherwise, to wit, from January 1, 1884, to January 1, 1885; 2. That said contract was renewed by consent of the parties thereto on the first day of January, 1885, and again on the first day of January, 1886, and was in full force and effect during the entire month of December, 1886; 3. That said defendants, as surviving partners of said copartnership, assumed said contract and all obligations arising thereunder, and during the month of December, 1886, were guilty of a breach of the terms thereof, without cause or right."

This third conclusion of law is also found as a fact; but as there is no evidence that the surviving partners assumed any obligation not devolved upon them by law, it must have been intended as a mere conclusion of law, and, as such, may be correct as to all obligations not dissolved by the dissolution of the copartnership.

There is no finding nor evidence of any copartnership agreement as to continuing the business, nor as to the mode of winding up the business after a dissolution by death of one of the copartners.

Appellants contend that the term for which plaintiff's employment was renewed on the first day of January, 1886 (one year), was terminated by the death of Alfred P. Elfelt, and the consequent dissolution of the copartnership, on the fourteenth day of June, 1886; and I think this point should be sustained.

No doubt the contract for a year's service was presumptively renewed on the first day of January, 1885, and again on the first day of January, 1886, by implied consent of the parties (Civ. Code, sec. 2012); but the dissolution of the copartnership by the death of Alfred P. Elfelt (Civ. Code, sec. 2450) dissolved the contract. (Wood on Master and Servant, sec. 165; Wharton on Contracts, sec. 322; Civ. Code, secs. 1196, 1197; *Tasker* v. *Shepherd*, 6 Hurl. & N. 575; *Farrow* v. *Wilson*,

L. R. 4 Com. P. 744.)   The death of Alfred P. Elfelt extinguished the copartnership and the business of the copartnership in which the plaintiff was employed. Upon the dissolution of the copartnership, the law devolved upon the surviving partners the power and duty to " settle the affairs of the partnership *without delay*." (Code Civ. Proc., sec. 1585.)   If deemed advisable and for the interest of the concern, they might have sold the entire partnership stock of goods at auction or otherwise within a month after the dissolution; but it was within their discretionary power to continue to dispose of the stock to the customers of the concern in the ordinary way, if that was deemed more beneficial to the interest of all parties concerned, and for that purpose to employ the necessary salesmen and other agents.   So far as the plaintiff served the surviving partners, he was by implication newly employed by them to assist in settling the affairs of the extinct copartnership.   For this employment, in the absence of special agreement, he was entitled to such compensation only as his services were reasonably worth.   They paid him five hundred dollars per month, and there is no complaint that this was not the full value of his services.   It was neither their duty nor within their lawful power to retain and pay him a salary a single day after they considered his services unnecessary and unprofitable to the business of settling the affairs of the copartnership.   (Civ. Code, secs. 2458–2462.)

I think the judgment should be reversed, and that the trial court should be directed to enter judgment for the defendants upon the findings.

FOOTE, C., and FITZGERALD, C., concurred.

The COURT.— For the reasons given in the foregoing opinion, the judgment is reversed, and the court below directed to enter judgment for defendants upon the findings.

PATERSON, J., concurring. — I am fully satisfied with the reasons stated by Commissioner Vanclief, and with his conclusion.   It is a general rule that death does not absolve a man from his contracts, but there are exceptions as well settled as the rule itself.   Contracts of a purely personal nature do not survive.   An executor, as such, cannot maintain a suit or be sued for breach of promise.   The death of a servant within the term of hiring discharges the contract, and no action can be maintained against his executors for its non-performance.   The death of the plaintiff within the year would have been a legal excuse from the further performance of his contract, and the effect of death upon the survivor must be mutual.   The defendants are prevented by the act of God and the operation of law from continuing the partnership affairs.   There are cases which hold that the dissolution of a firm does not discharge the contract; but they are cases in which the dissolution resulted from the act of the parties.   The question whether damages can be recovered depends upon the question whether the dissolution resulted from the act of God and the operation of the law, or from the act of the parties.

Hearing in Bank denied.