[Sac. No. 1078. In Bank.—November 9, 1904.]

## F. WILLIAM GABRIEL, Respondent, v. BANK OF SUISUN, Appellant.

MASTER AND SERVANT—AGREED WAGES—CONTINUANCE AFTER TERM—PRESUMPTION OF RENEWAL. — Where a master and servant have agreed upon a certain rate of wages for a fixed term, and the parties continue the relation of master and servant after the term, they are presumed, under section 2012 of the Civil Code, to have renewed the agreement for the same wages and term.

ID.—EMPLOYMENT BY BANK FOR YEAR AT MONTHLY SALARY—RENEWAL—FINDING—CONFLICTING EVIDENCE.—Where the plaintiff was employed by the defendant bank as its cashier and bookkeeper for one year at a monthly salary, and the plaintiff's testimony was in accordance with the presumption of continuance at the same salary for succeeding years until he was discharged pending a succeeding year, in an action for damages for breach of the contract a finding in favor of the plaintiff upon conflicting evidence cannot be disturbed upon appeal.

ID.—MINUTES OF DIRECTORS UNKNOWN TO PLAINTIFF.—The minutes of the directors of the defendant bank unknown to the plaintiff as one of the contracting parties cannot be considered as conclusive evidence of the terms of the contract for further employment.

ID.—RESCISSION—SUPPORT OF FINDING.—Where the evidence was conflicting as to whether the contract of employment was rescinded after two months' employment in the last year by mutual consent, but there was sufficient evidence to support a finding to the contrary, the finding must stand.

APPEAL from a judgment of the Superior Court of Solano County and from an order denying a new trial. A. J. Buckles, Judge.

The facts are stated in the opinion of the court.

George A. Lamont, for Appellant.

Gregory & Gregory, for Respondent.

SHAW, J.—This is an action to recover one thousand dollars as damages for a breach of contract of employment of the plaintiff by the defendant. The defendant appeals from the judgment and from an order denying its motion for a new trial.

The court below finds that the defendant employed plaintiff as its assistant cashier and bookkeeper on or about January 1, 1899, for the year 1899, at a salary of one hundred dollars per month, payable monthly, and that plaintiff entered the service of defendant under said employment, remained in its said service until March 1, 1899, was then wrongfully discharged by the defendant, and was not allowed to remain in said employment for the remainder of the year 1899, whereby he was damaged in the sum of one thousand dollars, for which sum the judgment was rendered.

It is contended that the evidence does not support the finding that the plaintiff was employed by the year for the year 1899. This contention, however, cannot be sustained. The plaintiff testified that he was employed as bookkeeper and assistant cashier in July, 1895, and was continued in that employment to the end of that year "at a salary of $100 a month—$1,200 a year." He then proceeds as follows: "I was employed after that at the end of December, 1895, in the same capacity for the year 1896, at the same salary, $1,200. I continued in that employment during the whole year 1896. I was again employed December, 1896, *for the year 1897* in the same capacity, at the same salary. I remained in the employment during the year 1897. I was again employed at the end of 1897 for 1898, in the same capacity, at the same salary, payable monthly. I continued in that capacity during the year 1898.—Q. Did you continue in the service of the bank in that capacity any longer than 1898?—A. I did, two months, January and February, 1899,"—and further, that he then quit the employment because he was discharged by the defendant. By the provisions of section 2012 of the Civil Code, "Where, after the expiration of an agreement respecting the wages and the term of service, the parties continue the relation of master and servant, they are presumed to have renewed the agreement for the same wages and term of service." The above testimony sufficiently shows that the plaintiff had been employed for the year 1898 at an annual salary of twelve hundred dollars, payable monthly, and that he continued in that employment during the first two months of 1899. From this the presumption arises, under the section quoted, that the employment was renewed for the same wages and term as for the previous year. There was evidence con-

trary to this, but we cannot interfere with the finding of the court because of the conflict. The minutes of the meeting of the directors of the corporation cannot be considered as conclusive evidence of the terms of the contract where, as in this case, the plaintiff, one of the contracting parties, had, as he testified, no knowledge thereof.

The appellant further contends that the evidence shows that the contract of employment, if made for the year 1899, was rescinded after two months by mutual consent. It is sufficient to say on this point that while there was some evidence tending to show a rescission, there was sufficient evidence to the contrary to justify the finding of the court.

The judgment and order are affirmed.

Angellotti, J., Henshaw, J., and Beatty, C. J., concurred.

McFARLAND, J.—I dissent. I do not think there is any support in the evidence for the finding that the plaintiff was employed by the year for the year 1899.