R. H. WILLIAMS, Respondent, v. JOHN T. HESSER COAL COMPANY, a Corporation, Appellant.

St. Louis Court of Appeals.    Opinion Filed May 3, 1921.

1. MASTER AND SERVANT: Contracts: Yearly Contract of Employment: Continuance in Service: Presumptions. Where plaintiff was employed to take charge of defendant's business under a contract which employed him at the rate of $1800 per annum, payable monthly, for a period of at least two years, the agreement between the parties is something more than a mere hiring at so much per year in that it contains a provision which indicates an intention that the hiring shall be on a yearly basis; and it being conceded that at the end of the second year and also at the end of the third year plaintiff continued in defendant's service without a new agreement, the presumption arose that the employment was to continue through another year; such presumption being one of fact, does not alter but continues the terms of the original contract, and does not convert an express contract into an implied contract, but simply raises an inference of fact that the parties agreed to extend the the operation of the old contract for another year.

2. ————: Discharge of Servant for Cause: Question of Fact. In an action for damages for breach of a contract of employment, whether the discharge of plaintiff was because of disability or failure on his part to perform his duties was a question of fact.

3. **APPELLATE PRACTICE:** Finding of Fact: Not Interfered With When Supported by Substantial Evidence. A finding of fact by the lower court, sitting as a jury, will not be interfered with by the appellate court in the event there is substantial evidence in the record to support it.

4. **MASTER AND SERVANT:** Discharge of Servant: Evidence: Shows Wrongful Discharge. In an action for damages for breach of contract of employment, evidence *held* ample to support the finding that plaintiff's discharge was not because of disability or failure on his part to perform his duties.

5. **DAMAGES:** Excessive Damages: Wrongful Discharge of Servant: Under Evidence Damages Awarded Not Excessive. In an action for damages for breach of contract of employment, where under the contract plaintiff received $150 per month and was out of work for four months and then secured employment at the rate of $115 per month, which was $35 per month less than his salary under the contract, and having been discharged when the contract at that time had six months to run, a judgment in plaintiff's favor for $670, being $150 per month for four months plus the $35 per month for two months was not excessive.

Appeal from the Circuit Court of the City of St. Louis.—
*Hon. William T. Jones*, Judge.

AFFIRMED.

*John W. Mueller* for appellant.

An agreement of employment with the compensation set forth at a certain sum per annum, in absence of additional provisions, does not create a contract of employment for a year—nor for any definite term. Chadwick v. Morris & Co., 170 Ill. App. 569; Hoyle v. De Long, 248 Pa. St. 471; Thullon v. Electric Co., 227 Fed. 837; Edwards v. Railroad Co., 121 N. C. 490; Martin v. Ins. Co., 148 N. Y. 17; Brookfield v. Drury College, 139 Mo. App. 379; Fuller v. White Lead Co., 111 Mich. 221; Cupp v. Coal Co., 46 N. Y. S. 542. Nor does the addition of the words "for at least two years" create a year-to-year contract. The addition of these words does not create a term of employment for two terms

of one year each. Van der Veer v. Theile, 172 N. Y. S. 628. An employment relationship which is continued without a new agreement at the conclusion of the term originally agreed upon, if capable of being automatically renewed, is renewed according to term and provisions of the original contract. 1 La Batt on Master and Servant, p. 707; Herman v. Littlefield, 109 Cal. 432; Lanch v. Eliner, 24 Ill. App. 177; Wallace v. Floyd, 29 Pa. 184. A relationship of master and servants created by agreement required by the Statute of Frauds to be in writing, because same cannot be performed within one year after date of its beginning, cannot be automatically renewed without a written memorandum or agreement. Chase v. Railroad, 97 N. Y. 384; Schott v. La Campaign, 102 N. Y. S. 901; 1 La Batt on Master and Servant, p. 717. Such agreement, after the expiration of the term originally agreed on, if continued without a written memorandum thereof, because an employment at will, terminable at any time by either party. Chase v. Railroad,97 N. Y. 384; Schott v. La Campaign, 102 N. Y. S. 901; 1 La Batt on Master and Servant, 'p. 717. Such an agreement, under such circumstances as stated above, does not become an employment for a year. Van Der Veer v. Theile, 172 N. Y. S. 628.

*Henry H. Oberschelp* for respondent.

(1) The contract "constituted a yearly employment of the plaintiff" with two years as the minimum. Arnold v. Ry. Steel Spring Co., 147 Mo. App. 451; Bradner v. Rockdale Powder Co., 115 Mo. App. 102; Kelly v. Carthage Wheel Co., 62 Oh. St. 598; Bascom v. Shillito, 37 Oh. St. 431; Brightson v. Claflin Co., 84 N. Y. App. Div. 557; Down v. Pinto, 9 Exchequer 327. Accordingly the Statute of Frauds did not apply. Furthermore it was not raised in the pleadings nor in the evidence. (2) The discharge was wrongful. "The discharge of the plaintiff by the defendant was not because of any of the grounds set out

in the contract, wherein the defendant reserved the right to terminate the employment at its option 'In case of disability failure or any other reason on your part to perform the duties of the office.' " Butsch v. Emberson-Brantingham Impl. Co., 197 Mo. App. 387.

BIGGS, C.—This is an action for damages for the alleged breach of a contract of employment.

The charge in the petition is that "by an agreement and contract duly entered into between defendant, a corporation, acting through its duly authorized officer and representative at Cincinnati, Ohio, and plaintiff, located at Richmond, Virginia, defendant employed plaintiff as general sales agent at the rate of $1,800 per annum, payable monthly, for a period of at least two years from February 1, 1912; that in accordance with said agreement plaintiff entered upon the performance of his duties thereunder and was and remained in defendant's employ during three full years from said February 1, 1912, and during the first six months of the fourth year, until July, 1915, when, contrary to and in violation of said contract which had become and was effective at least until the end of said fourth year, viz., until February 1, 1916, defendant, without any good or justifiable cause or excuse, wrongfully dismissed from its employ and discharged plaintiff, who was at all times ready and willing to carry out said contract and perform his duties thereunder, and defendant thus breached said contract and damaged plaintiff in the sum of fifteen hundred dollars for which, and interest and costs, plaintiff prays judgment against defendant."

After the defendant had filed a general denial the cause was tried before the court without the aid of a jury and judgment was rendered for plaintiff for the sum of $753.75, from which the defendant in the proper manner has perfected an appeal to this court.

Defendant's contentions in the main are that the petition failed to state a cause of action; that defendant's demurrer at the close of the evidence should have been given; that the court erred in finding that the contract in suit was such as to be capable of renewal in the absence of a new agreement at the termination of the term originally agreed upon; that error inhered in the ruling of the court to the effect that the contract of employment constituted a yearly contract and was renewable automatically without a writing or memorandum required by the Statute of Frauds; and that the court erred in not ruling that the contract of employment was one at will and determinable at any time by the defendant.

After several conferences between the plaintiff and the president of defendant company the parties entered into a written agreement evidence by letters between them. On February 5, 1912, plaintiff wrote to the defendant company stating that he had no desire for a formal contract and gave his understanding of their agreement as follows:

"That I am employed at the rate of $1800 per annum, payable monthly, for a period of at least two years from February 1, 1912, and a bonus of $1.00 per car on all commercial coal in excess of 160 cars per month."

On February 7, 1912, the defendant company through its president replied to the plaintiff's letter as follows:

"Answering your letter of the 5th, I will say the terms you mentioned are perfecty satisfactory and in accordance with my understanding of our agreement. Your letter of the 5th, inst, and this reply constitute all the agreement necessary. The only additional qualification I will include in the agreement is that it may terminate at the option of the company in case of disability, failure or any other reason on your part to perform the duties of the office. I have always inserted this in all such agreements, feeling that it is only justice

to the company to have this understood. I trust you will have no objection to it.

"Your official title should be general sales agent which you are in fact."

Thereupon the plaintiff took up the duties of his office and served the defendant as its sales agent at Richmond, Virginia, for the entire period of the two years mentioned in the letter of February 5th. At the expiration of the two years plaintiff continued as such sales agent without any new written agreement either verbal or written, for one and one-half years thereafter or until August 1, 1915, at which time the defendant terminated the employment giving as a reason therefor that the office was being operated at a loss and had been for the six months prior thereto. After his discharge the plaintiff was out of employment for four months and then secured a position at $115 per month. The damage claimed by the plaintiff is his salary from August until the following February 1st, which would be the end of the fourth year from the date of the contract, at the rate of $150 a month less what he had been able to earn within that time.

In accordance with the contention of plaintiff the court below construed the contract between the parties as evidenced by the letters as a yearly employment of plaintiff which was automatically renewed by the plaintiff continuing in the service from year to year without any new agreement and being a yearly employment the Statute of Frauds had no application.

Defendant's complaints against the judgment may be answered by a solution of the question as to whether the contract embodied in the letters constituted an employment by the year to be terminated only at the end of each year or is one at will that could be terminated by either party at any time after the expiration of the two-year period.

The question is one of the intention of the parties to be gathered from the contract between them. In this

case it may reasonably be inferred not only from the circumstances and conditions surrounding the parties but from the language used in the contract that a yearly employment was intended. At the time the contract was made the plaintiff gave up permanent employment and removed to Richmond and took charge of the defendant's business, under a contract which employed him "at the rate of $1800 per annum, payable monthly, for a period of at least two years from February 1, 1912." The fact that the contract was to run for a minimum of two years indicates an intention to provide a yearly employment. The agreement between the parties is something more than a mere hiring at so much per year in that it contains a provision which indicates an intention that the hiring shall be on a yearly basis. [Arnold v. Railway Steel Spring Company, 131 Mo. App. 612 110 S. W. 650 (same case 147 Mo. App. 451); Bell v. Warehouse Co., 205 Mo. 475, 1. c. 489, 103 S. W. 1014; Morris v. Briggs Photo Supply Co., 192 Mo. App. (Kansas City Court of Appeals) 145, 1. c. 150, 179 S. W. 783; Bradner v. Rockdale Powder Co., 115 Mo. App. 102, 91 S. W. 997; Warden v. Hinds, 25 L. R. A. (N. S.) 529; Note: Reasnor v. Watts, Ritter & Co., 51 L. R. A. (N. S.) 629.]

It being conceded that at the end of the second year and also at the end of the third year that pliantiff continued in the defendant's service without a new agreement, the presumption arose that the employment was to continue through another year. Such a presumption is one of fact and does not alter but continues the terms of the original contract and does not convert an express into an implied contract but simply raises an inference of fact that the parties agreed to extend the operation of the old contract for another year. [Morris v. Briggs Photo Supply Co., supra; Bell v. Warehouse Company, supra; 1 Labatt on Master and Servant, 230; see note to the case of Stewart Dry Goods Company v. Hutchison, L. R. A. 1918 C, page 706.]

We think the court properly construed the contract as providing for a yearly employment.

Defendant claims that irrespective of whether the defendant had a right to discharge plaintiff at will it had the right to terminate the employment at its option, as provided in its letter to the plaintiff of February 7, "in case of disability, failure or any other reason on your part to perform the duties of the office." As to whether the discharge of plaintiff was because of disability or failure on his part to perform his duties was a question of fact in the case which the lower court sitting as a jury solved in favor of plaintiff and with which finding will not be interfered with by us in the event there is substantial evidence in the record to support it. We find ample evidence to support such finding as the letters between the parties indicate that defendant had no complaint to make of the manner in which plaintiff performed his services but concluded to discontinue the Richmond office in order to reduce expenses. While it is true that defendant's evidence tended to show that plaintiff had not sold as much coal as was contemplated by the parties and that the office at Richmond was conducted at a loss, still as stated there was evidence tending to show that the defendant did not blame this condition on the plaintiff.

Nor can the verdict be said to be excessive as contended by the defendant. Under the contract plaintiff received $150 per month. He was out of work for four months and then secured employment at the rate of $115 per month which was $35 per month less than his salary under the contract. Plaintiff having been discharged on August 1, 1915, the contract at that time had six months to run or until February 1, 1916. During this period plaintiff was idle four months and the remaining two months he was employed at $115 per month. This justified a judgment in plaintiff's favor as given by the court for $670 being $150 per month for four months plus the $35 per month for two months. The judgment of the

Rainey v. Latter Day Saints.

court for $670 with interest from September 14, 1916, at six per cent amounting to $83.75 making a total judgment of $753.75 was warranted by the law and the evidence and should be affirmed.

PER CURIAM:—The foregoing opinion of BIGGS, C., is adopted as the opinion of the court. The judgment of the circuit court is accordingly affirmed. *Allen, P. J.* and *Becker, J.*, concur. *Daues, J.*, not sitting