[S. F. No. 13277. In Bank.—April 3, 1931.]

J. J. HENKEL, Respondent, v. J. J. HENKEL COMPANY (a Corporation), Appellant.

Edgar C. Levy and Leon Samuels for Appellant.

Dudley D. Sales and H. N. Sales for Respondent.

THE COURT.—This is an appeal from a judgment for the plaintiff in an action to recover damages for breach of contract of employment.

The defendant is a California corporation. From July 1, 1919, and during the times herein involved, it conducted a retail ladies' ready-to-wear business in San Francisco. Of the 1,000 shares of its authorized capital stock, 375 shares were issued to Benjamin I. Brahms, trustee for Saul Singer; 365 shares to the plaintiff; 10 shares to the plaintiff's wife, Grace Henkel, and 50 shares to Peter Feinburg. The directors of the company at all the times involved herein up to December 5, 1925, consisted of the plaintiff, Grace Henkel, and Benjamin I. Brahms. Pursuant to a resolution duly passed and adopted by the board of directors on July 11, 1919, the plaintiff and the defendant entered into a written agreement of employment dated July 1, 1919, whereby the plaintiff was to serve the defendant in the capacity of supervisor and general manager for one year commencing July 1, 1919, and ending June 30, 1920, at a yearly salary of $7,200 payable in monthly installments of $600. The plaintiff entered the employ of the defendant as its general manager and so served the defendant up to December 5, 1925, when he was discharged by a new board

of directors elected on that day. Resolutions similar to that passed on July 11, 1919, were purported to have been adopted by the board of directors at meetings held on August 2, 1920; August 2, 1921; August 21, 1922, and July 30, 1923, with the exception that the resolutions of August 21, 1922, and July 30, 1923, provided for a salary of $8,400 a year. The plaintiff drew and was paid a salary at the latter rate of $8,400 in monthly installments of $700 from and after July 1, 1922, up to the first day of November, 1925. It is conceded that all of the resolutions on the subject of the plaintiff's employment subsequent to the resolution of July 11, 1919, were ineffective as such inasmuch as the directors of the company who were present at the meetings held subsequent to the meeting of July 11, 1919, and who constituted a *quorum* for the transaction of business, consisted only of the plaintiff and Grace Henkel, and that the one written contract in evidence in addition to the contract of July 1, 1919, was not duly executed by the defendant.

The facts therefore resolve themselves into a situation wherein the parties entered into a binding and valid contract for employment for the year from July 1, 1919, to June 30, 1920, and thereafter the plaintiff continued in the employ of the defendant up to the time of his discharge and received the same salary with the exception that commencing July 1, 1922, the plaintiff was paid a salary estimated at the rate of $8,400 per year instead of $7,200. The plaintiff sought to recover the amount of salary earned from November 1, 1925, to December 5, 1925, and the further sum of $4,900 as damages for breach of contract on the theory that the period of the plaintiff's employment by the defendant continued up to the thirtieth day of June, 1926, and that the plaintiff was discharged by the defendant without cause prior to the expiration of his contract of employment.

The trial court found that there existed between the parties a valid and binding contract of employment for the year commencing July 1, 1925, and ending June 30, 1926, at a yearly salary of $8,400; that the discharge of the plaintiff from the defendant's employment on December 5, 1925, was without cause; that the plaintiff upon being discharged immediately endeavored to seek similar employment, but

was unable to find it; that although the plaintiff entered a similar business on his own account in March, 1926, he received no compensation or salary of any kind up to and including the thirtieth day of June, 1926; and that the plaintiff had not been paid salary earned from November 1, 1925, to December 5, 1925. The court concluded that the plaintiff was entitled to recover $816.66 as earned unpaid salary and $4,783.34 as damages for the breach of the contract of employment, and entered judgment accordingly.

Many other facts and circumstances appear in the record bearing upon the relations between the parties and especially relating to a sale in November, 1925, of the corporate stock of the defendant owned by the plaintiff, Grace Henkel, and Saul Singer, to Joseph Magnin Company of San Francisco, which was consummated by Saul Singer in New York; but a *résumé* of such additional facts is unnecessary to a disposition of this appeal. A large portion of the briefs of the parties is devoted to a discussion of the proper inferences to be drawn from conflicting evidence, but with questions bearing on such matters this court has no concern. Assuming, for a moment, the existence of the contract of employment as found by the court, there is sufficient evidence in the record, together with the inferences to be drawn therefrom, to support the trial court's inferential finding that the plaintiff did not relinquish any claim which he might have under such contract at the time of the sale of the stock owned by him and Grace Henkel.

It is not seriously questioned but that, if the employment of the plaintiff by the defendant had continued at a salary of $7,200 a year, under the provisions of section 2012 of the Civil Code the plaintiff would be entitled to recover damages upon that basis. The only question for our consideration, therefore, is whether the change of salary from $7,200 to $8,400 a year was effective to change the contract to one other than that of employment for the duration of a year.

Section 2012 of the Civil Code reads: "Renewal of hiring. Where, after the expiration of an agreement respecting the wages and the term of service, the parties continue the relation of master and servant, they are presumed to have renewed the agreement for the same wages and term of service." It is the contention of the defendant that, since

the term relating to salary was changed as to the amount thereof, the provisions of the section do not apply; or, in other words, that a change in one of the terms destroys the presumption as to the other terms. We are unable to agree with the defendant's reasoning. It is not questioned that the first contract made was on a yearly basis, and it must therefore be presumed that such a basis was continued until proof is presented that it was modified by the parties. From the evidence the trial court was justified in holding that there was no modification of the contract with respect to the period of the time of employment. The only change that was made related to the amount of compensation and as to that provision the presumption provided by section 2012 of the Civil Code is rebutted whenever proof is offered that the parties agreed upon a different salary. There is sufficient evidence independent of the purported resolutions to support the trial court's conclusion that the changed salary was to be computed on a yearly basis payable in monthly installments, similar to the computation, except for the amount, made by the terms of the original contract, and there is sufficient evidence to justify the court in finding that the employment was to be continued under a contract similar in its terms, except for the difference in salary, to the terms of the original contract of hiring. (See *Conrad* v. *Ellison-Harvey Co.*, 120 Va. 458 [Ann. Cas. 1918B, 1171, 91 S. E. 763]; *Stewart Dry Goods Co.* v. *Hutchison*, 177 Ky. 757 [L. R. A. 1918C, 704, 198 S. W. 17]; *Chamberlain* v. *Detroit Stove Works*, 103 Mich. 124 [61 N. W. 532].) ██ This being the case, we may also state that if the defendant's reasoning were to be adopted the result still would be the same inasmuch as section 2010 of the Civil Code provides that a servant is presumed to be hired for such length of time as the parties adopt for the estimation of wages, and the record is not in such state as to justify this court in concluding as a matter of law that the parties adopted any other basis than that of a yearly period for the estimation of the plaintiff's wages.

The foregoing discussion disposes of all the controlling points made by the parties on the appeal. The judgment is therefore affirmed.

Rehearing denied.