[Civ. No. 9744. Second Appellate District, Division One.—January 23, 1936.]

J. H. WILLIAMS, Respondent, v. SCHALK CHEMICAL COMPANY (a Corporation), Appellant.

Henry O. Wackerbarth and Henry E. Carter for Appellant.

Call & Murphey, Walter E. Bennett and Roy C. Bonebrake for Respondent.

ROTH, J., *pro tem.*—Respondent, plaintiff in this action, was employed by appellant as its sales manager under a written contract of employment for a term of one year from January 1, 1930, to December 31, 1930, at a fixed monthly salary plus a bonus. In December, 1930, a change was made by the corporation in its executive personnel, and a Mr. Colyear, vice-president of the corporation, was apparently substituted as its active executive head. In that month, respondent inquired of Colyear as to a renewal of the contract and was told: "I am really not in direct charge here now, but the only thing I can see we can do is to continue the contracts as they are." Respondent continued to work and was compensated pursuant to said contract for the whole of the year 1931 and up to April 14, 1932, on which latter date he was discharged. Nothing was said in 1931 or at any other time about a renewal of the contract for the year 1932. On December 9, 1932, plaintiff filed a complaint in the instant case seeking judgment for $4,000, which represented his salary at the rate of $500 per month for the remaining eight months of his alleged contract for the year 1932, and in addition for a bonus of 3 per cent of the net profits of appellant for the years 1931–1932. The trial court found there were no net profits, but rendered judgment in favor of respondent for $4,000. The appeal is from that judgment.

The decisive question presented on this appeal is whether, under the provisions of section 2012 of the Civil Code, a written contract of employment for a definite term is upon its expiration renewed periodically for the same term, in the absence of a provision in the contract to the contrary, or an affirmative showing that there was no intention to renew the same. This question has been answered in the affirmative.

(*Henkel* v. *J. J. Henkel Co.*, 212 Cal. 288 [298 Pac. 28, 30] ; *Louis* v. *Elfelt*, 89 Cal. 547 [26 Pac. 1095] ; *State Board of Agriculture* v. *Meyers*, 20 Colo. App. 139 [77 Pac. 372] ; *Williams* v. *John T. Hesser Coal Co.*, 207 Mo. App. 197 [231 S. W. 680] ; *Dickinson* v. *Norwegian Plow Co.*, 101 Wis. 157 [76 N. W. 1108] ; *Travelers Ins. Co.* v. *Parker*, 92 Md. 22 [47 Atl. 1042].)   In the Henkel case a written contract of employment for the period of one year was made in 1919.   Without any other valid written extension, plaintiff in that case continued to work from year to year until he was discharged December 5, 1925.   On the theory that his original contract was automatically renewed from year to year under the provisions of section 2012 of the Civil Code, and that defendant in that action was obligated to continue plaintiff's employment until June, 1926, pursuant to automatic renewal of the original written contract, plaintiff sued for damages and recovered.   The court in that case said: ''Section 2012 of the Civil Code reads: 'Renewal of hiring.   Where, after the expiration of an agreement respecting the wages and the term of service, the parties continue the relation of master and servant, they are presumed to have renewed the agreement for the same wages and term of service.'   It is the contention of the defendant that, since, the term relating to salary was changed as to the amount thereof, the provisions of the section do not apply ; or, in other words, that a change in one of the terms destroys the presumption as to the other terms. We are unable to agree with the defendant's reasoning.   It is not questioned that the first contract made was on a yearly basis and *it must therefore be presumed that such a basis was continued until proof is presented that it was modified by the parties.*   From the evidence the trial court was justified in holding that there was no modification of the contract with respect to the period of the time of employment.   The only change that was made related to the amount of compensation and as to that provision the presumption provided by section 2012 of the Civil Code, is rebutted whenever proof is offered that the parties agreed upon a different salary.''   (Italics ours.)

It will be observed from the foregoing excerpt that in the Henkel case the original terms of the contract were modified by increasing the salary provided for in the original contract. The court nevertheless held that the term of the contract was

unaffected and that the contract, in so far as the terms thereof were concerned, was automatically renewed from year to year.

■ Appellant has also argued that the complaint was prematurely filed in so far as it sought to recover for salary due for the month of December, 1932. Under the terms of the original written contract, it was provided that plaintiff's salary was "payable on the last day of each month of said term". The action is one for damages for breach of contract. An action of this kind may be brought before the expiration of the contract, as well as after. (*Seymour* v. *Oelrichs,* 156 Cal. 782 [106 Pac. 88, 134 Am. St. Rep. 154].) ■ Construing the action as one for recovery of wages, not for damages generally, appellant is now precluded from raising any question on that point, for the reason that there was no demurrer, no special defense, no motion to vacate any part of the judgment, nor any motion for a new trial specifically on that ground. In short, the question was not presented to the trial court in any manner, and it cannot be raised, in the absence of some such presentation as suggested, for the first time on appeal. (*Loomis etc. Assn.* v. *California Fruit Exchange,* 128 Cal. App. 265 [16 Pac. (2d) 1040]; *Seches* v. *Bard,* 215 Cal. 79 [8 Pac. (2d) 835]; *Verbeck* v. *Clymer,* 202 Cal. 557 [261 Pac. 1017].)

The judgment is affirmed.

York, Acting P. J., and Doran, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 19, 1936.