[Civ. No. 11012.   Second Appellate District, Division One.—November 4, 1936.]

DE WITT T. McLAUGHLIN, Appellant, v. HAMMOND HALL et al., Respondents.

Combs & Combs, Combs, Fritz & Murphine and Lee Combs, Jr., for Appellant.

Hazlett & Plummer and Robert J. Sullivan for Respondents.

SHINN, J., *pro tem.*—Plaintiff brought this action to recover damages for the alleged breach of an agreement under which, as he claims, he was employed as headmaster of a private school operated by defendants, from which employment he was discharged. The case was submitted upon the sufficiency of plaintiff's proof to establish a contract of employment; judgment went for the defendants, from which plaintiff appeals.

The original complaint alleged that, by contract partly in writing and partly oral, plaintiff was employed for a period of two years at a salary of $1800 per year, payable at the rate of $200 per month for nine months with certain living accommodations during the school year and summer vacation period, meals for his family and a servant during the school year, and schooling for his daughter without charge. By an amended complaint filed at the close of the trial it was alleged that the employment was for one year

and that at the expiration of that period the parties proceeded into the second year without any new arrangement and so continued until plaintiff was discharged without cause. In both the original and the amended complaints it was alleged that the contract was fully performed throughout the first year.

The court found: ''That there was no mutual, valid or binding written agreement between the parties hereto relative to the employment of the plaintiff by defendants.'' If this finding related to the alleged contract of employment for a two-year period, it was correct. But, read literally as it must be, it is a finding that there was no agreement whatever between the parties, and is entirely without support in the evidence. There was a written agreement evidenced by letters which passed between the parties which expressly stated that plaintiff was employed for a period of one year as headmaster of defendants' school at an annual salary of $1800 payable at the rate of $200 per month for nine months; that plaintiff should also receive living quarters at the school for himself and family during the school year 1934–35 and also during the summer of 1935, together with free meals for himself, his wife and daughter. All of these terms were clearly stated in the writings. This agreement was fully performed and in addition to the compensation stipulated, plaintiff's maidservant received meals and his daughter received free schooling. Plaintiff and his family occupied living quarters on the school grounds during the summer of 1935, during which time plaintiff devoted himself to the preparation of school work for the coming year. He commenced the second year as headmaster and worked during the month of September, 1935, and until he was discharged on October 5th. He was paid at that time $200 salary for one month's services and $12.50 as an allowance upon meals. All of these facts appear without dispute.

The contention of defendants is that plaintiff was not employed for any definite time, but this position is untenable as it clearly appears from the writings that the original employment was for one year. It is also contended that the agreement was one which was required to be in writing, and this would be true of the contract alleged in

the original complaint, but by his amended complaint plaintiff claimed only employment for one year, and even this agreement, as we have seen, was reduced to writing. It is true that plaintiff received greater compensation than was stipulated in the written agreement, namely, meals for one maidservant and schooling for plaintiff's daughter. It matters not whether these terms were inadvertently omitted from the written agreement or whether the agreement was later modified, for, if there was an oral modification, the agreement as modified was fully executed by the parties. Any uncertainties that may have existed in the beginning as to the terms of plaintiff's employment were removed when plaintiff gave his services throughout the first year in return for the compensation which defendants voluntarily paid.

At the conclusion of the trial plaintiff's position was that there was a valid contract for a single year and that without further agreement the relation of master and servant was continued after the expiration of the agreement. He relies upon section 2012 of the Civil Code, which reads as follows: "Renewal of hiring. Where, after the expiration of an agreement respecting the wages and the term of service, the parties continue the relation of master and servant, they are presumed to have renewed the agreement for the same wages and term of service." It would seem as though this section has direct application. There may be room for doubt as to when the first year's employment ended: whether it was when the school sessions ended in June or at the time they were resumed in the fall; but we think that this question is not important. Certainly the second year's employment began as early as the commencement of school in the fall and at that time at least plaintiff entered upon the second year of his services. The presumption, therefore, applies that plaintiff was employed for a second year at the rate of compensation he had received during the first year. (*Gabriel* v. *Bank of Suisun,* 145 Cal. 266 [78 Pac. 736]; *Henkel* v. *J. J. Henkel Co.,* 212 Cal. 288 [298 Pac. 28]; *Williams* v. *Schalk Chemical Co.,* 11 Cal. App. (2d) 396 [53 Pac. (2d) 1015].) No evidence was produced to overcome this presumption. Upon the evidence before the court, which consisted almost entirely

of that presented by plaintiff, the finding should have been that there was an employment for a second year.

No finding was made as to the claim of defendants that sufficient cause existed for plaintiff's dismissal. The action therefore must be retried.

The judgment is reversed.

Houser, P. J., and Doran, J., concurred.