[Civ. No. 7321. Third Dist. June 30, 1947.]

CECELIA K. MEARS et al., Plaintiffs and Respondents, v. RENALDO J. JEFFRY et al., Defendants and Respondents; ALBAN E. KELLIHER, as Trustee etc., Appellant.

[Civ. No. 7353. Third Dist. June 30, 1947.]

ALBAN KELLIHER, as Trustee, etc., Appellant, v. CECELIA MEARS et al., Respondents.

T. B. Scott and Forrest E. Macomber for Appellant.

Rutherford, Jacobs, Cavalero & Dietrich, Stephen M. Dietrich and Renaldo J. Jeffry for Respondents.

ADAMS, P. J.—On October 22, 1945, the Superior Court of Stanislaus County made and filed a decree of partial distribution in the estate of Catherine F. Kelliher, deceased, in which decree there was distributed to Cecelia K. Mears, Mae K. Van Etten, Alban E. Kelliher, and Bank of America National Trust and Savings Association as trustee for Raymond B. Kelliher, an undivided one-sixth interest each, and to Renaldo Jeffry an undivided two-sixths interest in certain real estate located in Stanislaus and San Joaquin Counties, devised to them by decedent. On the same day Cecelia K. Mears and Mae K. Van Etten filed in the Superior Court of San Joaquin County a complaint in partition, naming as defendants therein Renaldo J. Jeffry, Bank of America National Trust and Savings Association as trustee for Raymond B. Kelliher, and Alban E. Kelliher, as trustee for Eugene Kelliher, and praying for the partition of certain of the properties which had been distributed under the decree of partial distribution aforesaid, some of said lands being in San Joaquin County, and some in Stanislaus County. On the same day Alban Kelliher, as trustee for Eugene Kelliher, filed a similar action for partition in Stanislaus County, naming as defendants therein Cecelia Mears, Mae Van Etten, Renaldo Jeffry, and Bank of America National Trust and Savings Association as trustee for Raymond B. Kelliher, the two actions being substantially the same and seeking the same end.

All of the defendants in the San Joaquin County action, except Alban E. Kelliher, as trustee for Eugene Kelliher, answered. The latter, on November 2, 1945, filed a special appearance, "for the purpose of objecting to the jurisdiction of the court over the subject matter of the action and for no other purpose." On the same date he filed a notice of motion to abate or dismiss said action on the ground of the pendency of the action in Stanislaus County, alleging in his notice of motion that that action involved the same parties and the same cause of action, but that the Stanislaus County court had first

acquired jurisdiction over the subject matter of said action and the parties thereto. This motion was denied without prejudice on November 10, 1945. Thereafter, on January 4, 1946, Alban E. Kelliher, as trustee, answered the complaint, alleging, among other things, that each of the plaintiffs and defendants named "derived their title to the real property constituting the basis of this action solely through the Estate of Catherine F. Kelliher, which Estate is pending in the Superior Court of the State of California, in and for the County of Stanislaus, . . . and in particular through a Decree of Partial Distribution made and entered in said action on October 22, 1945." He alleged the filing of his action in Stanislaus County, and further stated that the parties to and the subject matters of said actions were identical, with the exception of one parcel excluded from plaintiffs' complaint, and that said actions prayed for identical relief, to wit: partition; but that the superior court of the county of Stanislaus "has had jurisdiction of the subject matter of said actions ever since the 11th day of January, 1944." His plea was for an abatemate of the San Joaquin County action until the Stanislaus County action could be heard and determined.

On the day set for trial this appellant renewed his motion for abatement of the action. Testimony was taken in relation to this motion and plea, which showed that appellant's complaint in Stanislaus County was filed at 10:41 a. m. of October 22, 1945. It was stipulated that the San Joaquin County action was filed on the same day at 10:39 a. m. It was also stipulated that the rule is that where two courts are equally entitled to jurisdiction over the subject matter the court first acquiring jurisdiction has the right to proceed. Appellant's motion was again denied, and the cause was thereafter tried by the court. At its conclusion findings were filed in which the court found that the property involved could be partitioned without prejudice to the owners, and that the San Joaquin County action was filed prior to the filing of the Stanislaus County action. An interlocutory decree was thereupon entered denying abatement, ordering partition, and appointing referees to effect such partition. From that decree Alban E. Kelliher, as trustee for Eugene Kelliher, alone has appealed, urging as grounds for reversal that the action for partition was filed prematurely because, at the time same was filed, the decree of partial distribution had not been *entered,* and that the probate court of Stanislaus County had exclusive jurisdiction of the property ordered partitioned.

In the meantime, in the Stanislaus County action, all of the defendants had filed answers to plaintiff's complaint and had set up therein a plea to abate same by reason of the pendency of the San Joaquin County action. A trial of the special issue of another action pending was had in the Stanislaus County court in May, 1946, and resulted in findings by that court that the San Joaquin County action had been first filed, that all of the defendants therein had answered, that said action had been partially tried and the issue raised by plaintiff Alban Kelliher as trustee for Eugene Kelliher there decided against him; that prior to the filing of said action the court in the probate proceeding had made and filed with the clerk of Stanislaus County its decree of partial distribution distributing to the parties in said action the real property involved; and that prior to the filing of this action the San Joaquin County court had acquired exclusive jurisdiction of the subject matter and exclusive jurisdiction to partition the property involved, except Parcel No. 4(g). An interlocutory decree was thereupon made and entered abating the Stanislaus County action, except as to Parcel No. 4(g), until the final determination of the San Joaquin County action. In that proceeding no contention was made that either action was filed prematurely or that either court lacked jurisdiction for that reason. The only point raised was which action had been filed first, counsel for appellant stating that the question of time of filing "is all there is to it." And the hearing in the Stanislaus County court on the issue of abatement was had after the trial in the San Joaquin County action and the filing of the appeal from its interlocutory decree.

From that judgment appeal has also been taken by Alban Kelliher as trustee for Eugene Kelliher, the grounds for reversal urged being the same as those urged on the appeal from the interlocutory decree in the San Joaquin County action.

Appellant has not filed separate briefs in the two actions, and they were argued as one case, it being conceded by all parties that a decision in the one will be conclusive as to the other.

As hereinbefore stated, appellant's first contention here is that the action in San Joaquin County was filed prior to *entry* by the clerk of the probate court of the order and decree of partial distribution in the estate of Kelliher, and was therefore premature. In this contention appellant takes an anomalous position, for the record shows that his action in

Stanislaus County was filed only two minutes after the filing of the San Joaquin County action. There is no evidence in the record before us as to when the decree of partial distribution was in fact entered by the clerk of the court in the minute-book. Therefore, if the San Joaquin County action was premature, the action in Stanislaus County was premature. And presumptions as to regularity are equally applicable to the two actions.

Furthermore, appellant did not plead in his answer in the San Joaquin County action, or raise by motion his present contention that such action was prematurely filed. His contention below was that the San Joaquin County court was without jurisdiction because the Stanislaus County court had first acquired jurisdiction. And in said answer he also alleged, as hereinbefore set forth, that all of the parties, both plaintiffs and defendants, derived their title to the real property through the estate of Catherine F. Kelliher, and in particular "through a Decree of Partial Distribution made and *entered* in said action" on October 22, 1945. (Italics added.) And in his own original complaint in the Stanislaus County action, and his amended complaint filed February 5, 1946, just before trial of the San Joaquin County action, he alleged that the respective parties were owners in fee simple of their undivided interests in the various parcels of real property described; and he made no mention whatever of the decree of partial distribution which he now contends must have been signed, filed and *entered* before the courts in which said actions were filed could acquire jurisdiction.

The rule is well established that a plea that an action is premature is dilatory in its nature and must be pleaded specially in order to be available as a defense. (*Verbeck* v. *Clymer*, 202 Cal. 557, 562 [261 P. 1017]; *Realty & Rebuilding Co.* v. *Rea*, 184 Cal. 565, 573 [194 P. 1024]; *Lagorio* v. *Yerxa*, 96 Cal.App. 111, 114 [273 P. 856].) Nor can appellant avoid the application of the foregoing rule by urging that a lack of jurisdiction cannot be waived by failure to raise the question in the lower court by plea in abatement or similar procedure. It is elementary that superior courts have general jurisdiction to try partition cases; and here both courts acquired jurisdiction of the parties. In *Seches* v. *Bard*, 215 Cal. 79 [8 P.2d 835], where it was contended on appeal that an action was premature as to certain notes sued upon, the court said, at pages 81-82:

"The rule has long been settled that the defense that an action is premature is in the nature of a dilatory plea not favored in the law, and that such defense must be seasonably urged in the trial court or it is waived. In the early case of *Hentsch* v. *Porter*, 10 Cal. 555, at page 561, the rule is stated as follows:

" 'Where the objection, if true, would only defeat the *present right to recover*, the defendant, though not compelled to demur or answer, *should be obliged to make the objection, by motion or otherwise, before the court of original jurisdiction*, during the term at which the judgment was obtained. But where the defect in the complaint is of such a serious character as to show that the plaintiff could never, at *any* time, obtain *any* judgment upon the cause of action alleged, then the defendant should be allowed to make the objection for the first time in the appellate court.' " (Italics by the Supreme Court.)

■ It is not and could not be contended by appellant that plaintiffs in these actions could never at any time obtain any judgment upon the causes of action pleaded. The courts in which they were filed have general jurisdiction to try actions in partition. If, in fact, they were filed prior to the entry of the decree of partial distribution, they were, at most, merely filed prematurely, and such fact would merely have defeated the *present* right to recover, and was not of such a character as to show that plaintiffs could never, at any time, obtain a judgment upon the causes of action alleged. It must therefore be held that any objection that the actions were prematurely filed was waived by appellant's failure to raise the question in the lower court. Also, see, *Green* v. *Sherritt*, 17 Cal.App.2d 732, 737-738 [62 P.2d 769]; *Williams* v. *Schalk Chemical Co.*, 11 Cal.App.2d 396, 399 [53 P.2d 1015]; *Loomis F. G. Assn.* v. *California Fruit Exchange*, 128 Cal.App. 265, 282 [16 P.2d 1040].

■ Not only did appellant fail to plead that the actions were prematurely filed, but the cases were heard in the lower courts upon a different theory specifically expressed by appellant. In *Munfrey* v. *Cleary*, 75 Cal.App.2d 779, 784 [171 P.2d 750], we held, on the authority of numerous cited cases, that as a general rule an issue not presented by the pleadings cannot be considered upon appeal; and in *Ernst* v. *Searle*, 218 Cal. 233, 240-241 [22 P.2d 715], the Supreme Court said: "The rule is well settled that the theory upon

which a case is tried must be adhered to on appeal. A party is not permitted to change his position and adopt a new and different theory on appeal. To permit him to do so would not only be unfair to the trial court, but manifestly unjust to the opposing litigant. (2 Cal.Jur., sec. 68, p. 237.)'' Also, see, *Hayward Lumber & Investment Co.* v. *Ford,* 64 Cal. App.2d 346, 354 [148 P.2d 689].

The San Joaquin County action was tried, and the motion to abate in the Stanislaus County action was decided, on the theory that the only question was which action was filed first. Appellant must adhere to that theory before this court.

■ Appellant argues that it was not incumbent upon him to plead that the actions were premature because, until the decree of distribution had been entered the probate court had exclusive jurisdiction over the property; that this follows from section 1221 of the Probate Code, and the provision of section 664 of the Code of Civil Procedure that in no case is a judgment effectual for any purpose until entered. In this appellant uses the word jurisdiction loosely. It may be stated first that it has been held in numerous cases that section 664, *supra,* does not apply to orders and decrees in probate proceedings. See *Carroll* v. *Carroll,* 16 Cal.2d 761, 768-769 [108 P.2d 420]. And while section 1221, *supra,* does require decrees of distribution to be entered at length in the minute-book of the court, it does not provide that such decrees are ineffectual for any purpose until entered. And even if it did, that would not preclude the acquisition of *jurisdiction* by the courts in the partition actions unless it could be said that such jurisdiction was wholly dependent upon the decree. ■ It is elementary that a decree of distribution does not convey title to the assets of an estate. Title to such property vests in the parties entitled thereto under a will, upon the death of the testator, subject, of course, to the *possession* of the personal representative of decedent during administration, and the *control* of the probate court for the purposes of administration, sale or other disposition under the specified provisions of the code, in order to pay debts, expenses of administration, etc. See Prob. Code, §§ 28, 29, 300; *Estate of Kalt,* 16 Cal.2d 807, 811 [108 P.2d 401, 133 A.L.R. 1424]; *Reed* v. *Hayward,* 23 Cal.2d 336, 340, 342 [144 P.2d 561]; *Estate of Platt,* 21 Cal.2d 343, 347 [131 P.2d 825]; *Lichtenberg* v. *Burdell,* 101 Cal.App. 20, 36 [281 P. 518]; 26 Cal.Jur. 1020, § 303.

But such *control* by the probate court is not the equivalent of *exclusive jurisdiction* over the property to the exclusion of other courts in proper actions. For instance, an heir or devisee may, prior to distribution to him of real property of a decedent, maintain an action to quiet his title thereto against anyone except the administrator or executor, and the interest of such heir or devisee may be impressed with a lien to secure an obligation for support, even though the estate is still in process of administration; he may also convey or encumber his interest; and his interest in property is subject to attachment and to execution and judgment liens. See *Reed* v. *Hayward, supra,* and authorities there cited at page 342.

 It is therefore obvious that the control, or so-called jurisdiction, of the probate court over the assets of an estate, is not exclusive, nor does the decree of distribution do more than confirm in the devisees or legatees the title which has already vested under a will, and evidence the release of such property from the control of the probate court and the conditions to which it was subject as an asset of the estate. The allegations of the account and petition for distribution of the property in question show that the possession of the property by the executor of the will of Catherine F. Kelliher, and any further control of the property by the probate court for the statutory purposes aforesaid, were unnecessary. The signing and filing of the decree by the probate court evidenced its accord. The record shows that appellant was, in fact, that executor.

Therefore, even if a decree of distribution were held to be "ineffective for any purpose" within the provision of section 664, *supra,* until entered, it would be equally true that failure to enter it would not affect rights not dependent upon such decree.

 While it is not necessary to determine in this case whether a decree of distribution is or is not effectual for any purpose until entered at length in the minute-book of the court, we note that the trial court in the San Joaquin County action found that the decree of partial distribution was signed by the probate judge, and filed on the 22d day of October, 1945; and the evidence indicates that it was signed and filed before either of the actions was filed. Also it may be assumed in support of the judgment, if necessary, that it was entered prior to the filing of such actions.

In *Andrews* v. *Metzner,* 83 Cal.App. 764 [257 P. 203], a similar situation was presented. There two actions seeking

partition of real property were filed within an hour, the parties and the property involved therein were the same, the parties to the action first filed sought and were granted an order abating the later one, and on appeal it was contended that the first action was premature because filed before the decree of distribution had been filed in the clerk's office. The evidence showed that the decree was signed by the judge in open court and handed to the courtroom clerk with the intention that it should become a part of the official record. This was held sufficient, it being presumed that the clerk and his deputy regularly performed their duty and filed same; and such filing was deemed sufficient, within the portion of Code of Civil Procedure, section 1704, which now constitutes section 1221 of the Probate Code. No question as to whether or not said decree had been entered in the minute-book before the filing of the partition suit was raised, it being assumed, apparently, as it was in the cases before us, either that the filing of the signed decree was sufficient to give it effect, or that it had been entered.

It is obvious that in the cases before us plaintiffs were engaged in a race to get their respective complaints filed. Attorneys for all of them were present in court when the decree of partial distribution was signed, and all apparently assumed that the court's signing and filing of the decree were sufficient to justify the filing of their suits. However, even if the actions were filed before the entry of the decree in the minute-book, we fail to see that appellant has been injured by the judgments from which he appeals. He concedes that by his action in Stanislaus County he sought the same end that has been reached in the San Joaquin County action; he does not contend that the decree of distribution was never entered, or that the interlocutory judgment of partition from which he appeals has resulted in any injustice to him. There is no contention that the findings of the trial court are not sustained by the evidence, or that the judgment is not sustained by the findings; and the San Joaquin County court, in its findings, recited that the plaintiffs and defendants, in open court, consented and stipulated that partition might be made between the parties according to their respective interests—which is not denied by appellant. Presumptively, the decree, if not entered prior to the filing of these actions, has long since been entered, since official duty is presumed to

have been performed (Code Civ. Proc., § 1963(15)); and if either case were retried appellant would accomplish no more than that for which he prayed and to which he stipulated, to wit, that the property be partitioned in accordance with the respective interests of the parties. He does not contend that the partitioning of the property may not be done as fairly and efficiently in the one action as in the other; and, according to the record, his counsel participated in the selection of the commissioners to partition the land, and agreed to those appointed, two of whom were from Stanislaus County and were suggested by appellant's counsel. The San Joaquin County court has accomplished just what appellant wanted done, and, under such circumstances he is in no position to complain. See *Owens* v. *Noble,* 77 Cal.App.2d 209, 214 [175 P.2d 241], and cases there cited.

Appellant in his brief prays that this court reverse the judgments in both actions and order that the San Joaquin County action be abated and the trial proceed in the Stanislaus County action, *or* that we hold that both actions were prematurely filed, reverse both judgments, and order that both actions be dismissed.

It is well established that an appeal must show *injury* as well as *error,* in order to justify a reversal. (*Carroll* v. *Carroll, supra,* at p. 771; *Davies* v. *Ramsdell,* 40 Cal.App. 432, 433 [183 P. 702].) Appellant has shown neither.

Both judgments are affirmed.

Peek, J., and Thompson, J., concurred.